INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY V.
JAMES T. DYER.

No. 2837.

1. **Impeaching Witness—Predicate.**—In laying a basis for proving contradictory declarations made by the witness, all that is necessary is that the witness should know the time, place, and to whom the supposed declaration was made, so that he could explain if he desired.

2. **Same.**—See cross-examination of a witness *held* sufficient as basis to admit the former contradictory statement of the witness.

3. **Cross-Examination.**—It is competent on cross-examination to test the condition of the mind of the witness, and his facilities for observing the matters of which he testifies.

4. **Same—Drunkenness.**—It was competent to show that a flagman on duty was drunk without alleging the fact in the pleadings, unless the drunkenness be relied upon as evidencing negligence of the employer in selecting its employes, in which case the matter should be pleaded.

5. **Charge—Contributory Negligence.**—When the court has correctly charged upon contributory negligence it is proper to refuse a charge to the effect that if certain facts are found they must find contributory negligence.

6. **Flying Switch—Material Allegations.**—Where the manner in which cars upon a railway track were moved upon a passing vehicle, causing injury, etc., is shown, with the designation of it as a *running switch, held,* that the allegation that the injury was caused by the defendant in making a running switch is immaterial; besides, it is not descriptive where the pleading showed the actual facts, and that the term was not properly used.

7. **Charge—Care on Approaching Railway.**—The court properly instructed the jury touching the degree of care required of the injured party in approaching a railway track, as follows: "The plaintiff in attempting to cross the track with his dray was obliged to use such care and prudence as persons of ordinary care and prudence would have observed under like circumstances, and a failure to use such care and prudence would be negligence on his part."

8. **Charge.**—It it not proper for the court to submit certain facts in evidence as constituting negligence if found by the jury. Such charge takes from the jury the question of negligence as a fact.

APPEAL from Galveston.    Tried below before Hon. Wm. H. Stewart.

This is an appeal from a judgment in Dyer's favor for $5000 damages for injuries received in attempting to cross the track of the defendant in the city of Galveston.

Plaintiff was a drayman, driving a dray heavily loaded with wood and a tree intended for a Christmas tree from the wharf south along Twentieth Street.    He had to cross Avenue A, running east and west, on which defendant had its track and operated its trains.

While crossing, a loose box car or cars that were standing on the track in or near the street were struck by moving cars on the west, and were driven back upon the dray, causing the injuries complained of.

Defendant had a flagman, one Lang, at the crossing, whose duty it was to inform passengers when they might safely pass.

The testimony of plaintiff and of the flagman Lang was contradictory

as to what Lang had said and done at the time plaintiff attempted to cross the track when injured. An effort was made to impeach Lang by showing his version of the transaction soon after it happened. The details of this examination are given in the opinion.

The further facts necessary to understand the opinion are given in it.

*Willie, Mott & Ballinger,* for appellant. —1. You can not impeach a witness by proving contrary statements made by him unless the proper predicate of time, place, and person involved in the supposed contradiction be laid. 1 Greenl. on Ev., sec. 492.

2. The declarations of an employe after an accident complained of are inadmissible. 2 Whart. on Ev., 1174; Railway v. Robinson, 73 Texas, 277.

3. The court erred in allowing plaintiff to pursue the line of cross-examination followed with witness Lang, as to the flagman's condition and position at the time of the accident. The recovery, if at all, must be had upon the complaint in the petition, and evidence not warranted by the charges of the petition should not be admitted—that is, the proof must correspond to the allegations. 1 Greenl. on Ev., sec. 51.

4. The court erred in refusing to give the special charge asked by defendant, as follows: "If you believe from the evidence that the flagman Lang warned or advised the plaintiff not to cross the track, or told him that if he did so it was at his own risk, then, if the plaintiff's crossing after such statement contributed to the injury, you are instructed that the plaintiff can not recover."

5. The court erred in refusing the special charge asked by the defendant, in words as follows: "You are instructed that unless the plaintiff has proven by a preponderance of evidence in this case that the injury was caused by a flying switch, then he can not recover." Railway v. Murray, 73 Texas, 2.

6. The court erred in refusing to give the special charge as requested by defendant, as follows: "It is the duty of one about to cross a railroad track in a populous city and upon a much used thoroughfare to look and listen before attempting to cross the track, and the failure to do so will preclude a recovery." Beach on Con. Neg., p. 191; Railway v. Murphy, 46 Texas, 356; Railway v. Bracken, 59 Texas, 75; Railway v. Wilson, 50 Texas, 142; Railway v. Suggs, 62 Texas, 323; Railway v. Smith, 65 Texas, 157; Railway v. Hogsett, 67 Texas, 686. ·

*Wheeler & Rhodes,* for appellee, cited Railway v. Bracken, 59 Texas, 75; Lewis v. Railway, 73 Texas, 504; Thomp. on Neg., pp. 423 (note 6), 452; Sweeney v. Railway, 10 Allen, 368; Chaffee v. Railway, 104 Mass., 108; Railway v. Baches, 53 Ill., 379; Railway v. Dignan, 56 Ill., 487; Brown v. Railway, 32 N. Y., 597; Stilwell v. Railway, 34 N. Y., 29; Deer. on Neg., p. 390, sec. 240; Wood's Ry. Law, p. 1316; Patt. Ry. Acc.,

164, 170; Bish. on Noncon. Law, sec. 1044; Railway v. Chapman, 57 Texas, 82; Railway v. Wilson, 60 Texas, 142; Railway v. Lee, 70 Texas, 501.

COLLARD, Judge.—Appellant's first assignment of error is: "The court erred in admitting the testimony of the witness Dick over the objection of defendants, as evidenced by bill of exceptions No. 2." The question asked of the witness was, "Did you hear any admissions from this flagman as to the waving of the flag?" To which question defendant objected on the ground that a sufficient predicate had not been laid to impeach the witness Lang. Then the witness answered, "He (Dyer) said, 'why did you flag me over?' and Lang said, 'I thought there was a brakeman on the car." The answer was objected to by defendant, because it was incompetent, improper, and irrelevant, was hearsay, and an attempt to impeach a witness upon a collateral issue. The court overruled both objections, as shown by the bill of exceptions.

Neither the bill nor the assignment of error points out in what particular the predicate was not laid. On cross-examination Lang, the flagman (posted at the crossing to inform people passing along the street when they could cross the railroad), testified: "I know Mr. George Dick. I saw him there that evening after the dray was gone. The witnesses you have all came after the accident."

The cross-examination continued as follows:

Q. "I will ask you if Dyer didn't turn to you in the presence of Mr. Dick, after he was hurt, and ask you why it was you flagged him across, and told him to go across?"

A. "I told him if he went across it would be at his own risk."

Q. "And didn't you admit you had flagged him across; that you thought the way was clear, and that you made a mistake?"

A. "I did not flag him at all; he said he wanted to get across, and I said, if you go across it will be at your own risk."

Q. "I know you say that. I now ask you if Dyer did not ask you, after he was hurt, why you flagged him across, and you admitted you had flagged him across? Is that true or not?"

A. "That is not true."

The proposition of defendant is that the predicate of time, place, and person was not made so as to admit the contradictory evidence of Dick. While it is true that the last question was not sufficient to predicate the impeaching evidence upon, the whole of the cross-examination on the point makes it clear beyond dispute that the inquiry was as to whether Lang made the admission to Dyer in the presence of Dick directly after and at the place where the accident occurred. All that was necessary was that the witness should know what time, place, and to whom the supposed declaration was made, so that he could explain if he desired, and it

is immaterial whether this was done in one or several questions.   1 Greenl. on Ev., sec. 462.

The evidence being admissible for the purpose of impeachment, it is not necessary to decide whether it was a part of the *res gestæ* or not.

Appellant by assignment complains of error in allowing plaintiff to pursue the line of cross-examination followed with witness Lang as to his condition and position at the time of the accident.   The witness was rigidily cross-examined, without objection, as to how much beer he had drunk or whether he was intoxicated at the time of the accident, and where his position was as flagman.   The answers of the witness showed that he was not intoxicated and that his position was on the north side of the track, because he could see better from that point.   After the examination defendant moved to exclude the questions and answers, which the court refused to do.

We think the examination did not exceed the limits of the privilege of cross-examination.   The matter was not entirely irrelevant—certainly not as to his position and means of observation.   It was plaintiff's right to examine him as to the condition of his mind, memory, and facilities of knowing what occurred.   1 Greenl. on Ev., sec. 446.

It is true the drunkenness of the flagman was not set up in the petition, nor are we prepared to say it should have been if it had been relied on.   If it had been the intention to prove the flagman's drunkenness, to show that the company had not exercised proper care in the selection of a competent and trustworthy man as a flagman, it would probably have been necessary to allege the fact, but not when the matter becomes merely an incident or circumstance tending to show negligence of the servant in the discharge of his duties at the time in question.   Plaintiff was not bound to plead his evidence.

The refusal of the court to give the following special charge is assigned as error:   "If you believe from the evidence that the mule driven by Dyer was crippled, and hence unfit for hauling such a load as was placed behind him, and that the inability of the mule to draw the load across said track contributed proximately to the accident, this will be imputed to plaintiff, and you will find for the defendant."

This charge was correctly refused upon the ground that though the evidence was conflicting as to the condition and capacity of the mule, there was no evidence of any failure on the part of the mule on this occasion, and nothing to indicate that her condition contributed in any way to the accident; nothing to show that she refused or was incapable of drawing the load across the track, but on the contrary she did pull the load, and it was shown that the dray was crossing the track at the time of the collision.

The court refused a special charge asked by the defendant, as follows, which is assigned as error:   "If you believe from the evidence that the

flagman Lang warned or advised the plaintiff not to cross the track, or told him it was at his own risk if he did so, then if plaintiff's crossing after he did so contributed to the injury, you are instructed that plaintiff can not recover." Lang swore positively that he did warn plaintiff not to cross, and that if he did so it would be at his own risk; and plaintiff swore positively that he inquired of Lang if he could go across, and that Lang told him him to go on, and it was in proof by other witnesses that Lang signaled him to go across.

The court instructed the jury that if plaintiff by his own negligence contributed to the injury he could not recover. This, with the definition of contributory negligence given, was sufficient; it submitted to the jury the issue of contributory negligence under all the facts as they might find them to be. The effect of the requested charge was to tell the jury that the particular fact stated would amount to contributory negligence whether they should find it to be so or not, under all the circumstances of the case. Negligence or not is generally a question of fact to be found by the jury. The fact stated in the requested charge is not an exception to the rule. Denham v. Lumber Co., 73 Texas, 83; Markham v. Nav. Co., 73 Texas, 251; Railway v. Foreman, 73 Texas, 313; Railway v. Dorough, 72 Texas, 108; Railway v. Gasscamp, 69 Texas, 545; Railway v. Moore, 69 Texas, 157; Railway v. Lee, 70 Texas, 496; Railway v. Porfert, 72 Texas, 349.

Defendant complains of the refusal of the court to give the following requested charge: "You are instructed that unless the plaintiff has proved by a preponderance of evidence that the injury was caused by a flying switch, he can not recover."

The petition contains the following allegations: "That as your petitioner was driving across said railroad track, the servants and agents of said railroad company at the time engaged in the operation of the said railroad and switching its railroad cars, in reckless disregard of the lives and safety of the public using said street, made what is known as a flying or running switch—that is, sending back with great speed and driven with great force, and disconnected with an engine, three or more of defendant's cars along and over said railroad track, which traverses a public street in said city, said cars having at the time no brakeman thereon," etc.

It was in proof that no "flying switch" was being made at the time of the accident.

Defendant's evidence shows that there were five or six cars standing on the main track at or close to the crossing; that two cars were "kicked" back onto the six, causing them to come in contact with plaintiff and his dray. This movement of the cars was not a "flying switch." We are not advised by the testimony as to what a "flying switch" is, but the term is generally understood. We do not think the allegation of a flying switch a material or essential one. The gist of the complaint was that defendant, without proper care and in disregard of the safety of the public, pro-

pelled unguarded cars along its track, which forced other detached cars on the street crossing, thereby causing the injury.

"It is sufficient if the substance of the issue be proved;" nonessential allegations need not be established. Kottwitz v. Bagby, 16 Texas, 656; 1 Greenl. Ev., secs. 56, *et seq.*

If it should be claimed that the averment is necessarily descriptive of the manner in which the injury occurred, it may be replied that the explanation following the term shows that a "flying switch" was not, in fact, meant. The pleader shows what he did mean by more particular allegations defining the so-called running or flying switch; these more definite allegations must surely control.

Appellant assigns as error the refusal of the court to give the following instruction asked: "You are instructed that the degree of care imposed upon an individual about to cross such a track as the one in question is not slighter or less onorous than that imposed upon the defendant, and the plaintiff is required to use such precaution as an ordinarily prudent man would use under like circumstances; and you are further instructed that plaintiff was required to use such care, despite any permission that might have been given him by the flagman."

Instead of the foregoing, the court instructed the jury that " the plaintiff in attempting to cross the track with his dray was obliged to use such care and prudence as persons of ordinary care and prudence would have observed under like circumstances, and a failure by plaintiff to use such care and prudence would be negligence on his part." The jury are elsewhere instructed by the court that if plaintiff by his own negligence contributed to the injury, he could not recover.

Charges of this character have been frequently approved by the Supreme Court of this State, and we think they were sufficient upon the subject of plaintiff's negligence.

Defendant asked the court to charge the jury that "it was the duty of one about to cross a railroad track in a populous city, and upon a much used thoroughfare, to look and listen before attempting to cross, and the failure to do so will preclude a recovery." It was not error to refuse to give the charge, as has been more than once decided in this State. G. C. & S. F. Ry. v. Anderson, Galveston Term, 1890; G. H. & S. A. Ry. v. Porfert, 72 Texas, 349.

The defendant also complains of the court's refusal to give a special charge asked, as follows: "If you are not satisfied by a preponderance of the testimony that the flagman gave plaintiff permission to cross the track, you will find for the defendant." This charge, if given, would have taken the question of negligence away from the jury. The failure to have the permission of the flagman to cross the track, if true, might have induced the jury to find that plaintiff was negligent, but the court could not in effect so instruct them. We have already under another

assignment given our views of this question, and deem further discussion unnecessary.

We conclude the judgment of the court below ought to be affirmed.

*Affirmed.*

Adopted March 11, 1890.