### R. C. COLLINS V. CHARLES DILLINGHAM, RECEIVER, ETC.

#### No. 762.

1.  **Charge Upon Negligence—Enumerating Facts.**—It is error in a charge to tell the jury that facts stated would be contributory negligence, and that it was the duty of a party walking upon a railroad track "to look and listen."    The question of negligence or not should be left to the jury.    It is enough to inform the jury that a plaintiff in such actions (for injury from collision with a train) is required to use ordinary care—that is, such as a person of ordinary prudence would use under ordinary circumstances; and that a failure to do so would be negligence on his part which would preclude a recovery by him if it proximately contributed to the injury complained of.

2.  **Same.**—So it was proper to refuse an instruction enumerating certain facts as constituting negligence on part of the railway employes.    See example.

ERROR from Travis.    Tried below before Hon. W. M. KEY.

The plaintiff appears to have been injured by a collision with a car operated by employes of the defendant, under the following circumstances:    It occurred a little after midnight.    The plaintiff was walk-

ing upon the track of what is called "the dummy line" between the city of Austin and the dam across the Colorado river near the city. The colliding car was going towards the dam, and was one of a train loaded with granite and pushed by an engine in the rear.   They were near the crossing by the International & Great Northern Railway track, upon which was a passing train. The attention of the plaintiff was attracted by this train, and he neither looked nor listened for a train upon the track on which he was walking.   He did not know of its approach until struck by it.   The plaintiff was walking outside the rails, but on ends of crossties.   The street, or "boulevard" at the place was smooth, and as well suited for travel as that occupied by the track.   The way was much used by travel to and from the dam, and the whole street was used, regardless of the track.   Employes upon the car had two hand lights, and an effort was made by one to attract the attention of plaintiff.  The headlight was at the rear.  Plaintiff was not expecting a train; besides, his attention was fixed upon the train upon the International & Great Northern track.

The defense was contributory negligence.   The instructions discussed are given in the opinion.   Verdict for the defendant, and writ of error was sued out by the plaintiff.

*R. H. Ward*, for plaintiff in error.—1.  The trial court erred in its charge [see opinion], for the following reasons:  (1) Said charge is a comment upon the weight of the testimony.    (2)  A failure to look and listen upon a railroad track is not by any statute made negligence per se; therefore the court invaded the province of the jury in singling out such facts and informing the jury that they constituted contributory negligence which would prohibit a recovery.   (3) Defendant not having pleaded contributory negligence, said charge was not applicable to any issue in the case.   Railway v. Murphy, 46 Texas, 365; Railway v. Wright, 62 Texas, 517; Railway v. Porfert, 72 Texas, 350; Railway v. Dyer, 76 Texas, 161; Railway v. Lee, 70 Texas, 501; Railway v. Anderson, 76 Texas, 244; Railway v. Chapman, 57 Texas, 82; Calhoun v. Railway, 84 Texas, 229; Railway v. Gray, 65 Texas, 36; Railway v. Hewitt, 67 Texas, 476.

2.  The court erred in refusing to give the special instruction asked by plaintiff.  [See opinion.]   Pat. Ry. Acc. Law, p. 166, sec. 172; Railway v. Lowery, 61 Texas, 154; Railway v. Crosnoe, 72 Texas, 83.

*O. T. Holt*, for defendant in error.—1.  The violation of the rule as to the manner of giving the charges by the court *is not a ground for reversal*, unless it appears that injury may have resulted therefrom. 11 Texas, 585.

2.  The court may enumerate facts which are to be considered by the jury without charging on the weight of the evidence.   61 Texas,

91, 188; 81 Texas, 222; 70 Texas, 630; 65 Texas, 170; 79 Texas, 104; 62 Texas, 367; 83 Texas, 675; 49 Texas, 311.

3. When the evidence of a certain fact is positive and not contradicted it should be taken as established, and when the court charges that said fact is established, that is not charging on the weight of evidence. 17 Texas, 373; 57 Texas, 166; 58 Texas, 257, 261; 61 Texas, 226; 18 Texas, 871; 20 Texas, 294.

4. When it appears that no injury has resulted therefrom, the occurrence of an immaterial error is not a ground for a reversal. 5 Texas, 211; 2 Texas, 284; 20 Texas, 47; 23 Texas, 452; 28 Texas, 371; 53 Texas, 212; 55 Texas, 520; 14 Texas, 47; 17 Texas, 47; 22 Texas, 217; 21 Texas, 752; 42 Texas, 296; 40 Texas, 105; 44 Texas, 544; 55 Texas, 508; 59 Texas, 113; 61 Texas, 230.

5. When the verdict is authorized by the facts, and the justice of the case has been obtained, a judgment will not be reversed on account of an error in charge given by the court. 80 Texas, 634; 66 Texas, 724; 14 Texas, 463; 10 Texas, 137; 15 Texas, 430; 22 Texas, 220; 40 Texas, 105; 44 Texas, 548; 51 Texas, 51; 54 Texas, 510; 81 Texas, 415; 55 Texas, 508; 58 Texas, 152.

6. The law requires a person both to look and listen before attempting to walk upon or cross a railway track. Railway v. Brocker, 59 Texas, 71; 39 Am. and Eng. Ry. Cases, 612, 615; 13 Id., 638; 2 Id., 211; 4 Id., 580; 28 Id.. 673; 23 Id., 258; 19 Id., 267, 312; 23 Id., 245; 4 Id., 944–946; 49 Id., 427.

COLLARD, ASSOCIATE JUSTICE.—The judgment of the court below will have to be reversed because of error in the court's charge, in this: The court instructed the jury, by request of defendant, that if they should "believe from the evidence that the plaintiff, R. C. Collins, was walking upon the railroad track, and that he neither looked nor listened for an approaching train, and by looking and listening he could have seen the train before it struck him, then he was guilty of contributory negligence, and can not recover." The charge was qualified as follows: "That if by looking and listening plaintiff could have discovered the approaching train in time to get off the track and avoid injury, then he was guilty of contributory negligence, and can not recover."

The error in the charge is in telling the jury that the facts stated would be contributory negligence, and in inferentially telling them that it was duty to look and listen. The question of negligence or not on the part of plaintiff should have been left to the jury. Railway v. Porfert, 72 Texas, 344; Railway v. Dyer, 76 Texas, 161; Railway v. Anderson, 76 Texas, 244.

It is enough to inform the jury that a plaintiff in such actions is required to use ordinary care, that is, such as a person of ordinary pru-

dence would exercise under similar circumstances, and a failure to do so would be negligence on his part which would preclude a recovery by him if it proximately contributed to the injury complained of.

There was no error in refusing the following charge, requested by plaintiff:

"If the jury believe from the testimony that defendant's train was not provided with proper lights, and that if said train had had proper lights the employes of said train could have discovered plaintiff on the track in time to have stopped the train before colliding with him, then you will find in favor of plaintiff, unless you should also find him guilty of contributory negligence."

This charge is subject to the same objections, in part, as that given by the court at the request of defendant. It undertakes to tell the jury that certain acts and omissions of defendant would constitute negligence. Such a charge would be an improper interference with the province of the jury. There was no error in refusing to so charge.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 18, 1894.

KEY, Associate Justice, did not sit in this case.