### Fort Worth & Denver City Railway Company v. J. M. Burton.

Decided January 12, 1901.

**Argument of Counsel—Improper Remarks—Prejudicial Error.**

Where, in a railroad grass-burning case, counsel for plaintiff, in his argument to the jury, stated that the depositions in the case of defendant company's engineers and boiler inspector as to the inspection and condition of the engines were the same, and almost verbatim copies, of the first deposition that was ever used in a grass-burning case, and that these engineers are always engineers of fifteen to twenty years experience, etc., such remarks were prejudicial error, requiring a reversal of the judgment.

Appeal from the County Court of Wise. Tried below before Hon. S. G. Tankersley.

*Stanley, Spoonts & Thompson* and *Robert Harrison,* for appellant.

*A. J. Clendenen,* for appellee.

CONNER, CHIEF JUSTICE.—J. M. Burton brought this suit in the County Court of Wise County, Texas, against the Fort Worth and Denver City Railway Company, on January 21, 1900, alleging that he was the owner of certain lands adjacent to the defendant's right of way, and that the defendant, by its negligence, set fire to the grass upon these lands, and destroyed the grass and turf thereon, and in said fire destroyed certain fence posts and damaged wire fence, to his total damage in the sum of $442.45.

The defendant answered by general denial, and specially that if the plaintiff was damaged by fire, as alleged, that it was guilty of no negligence, in that its engines were equipped with the best known apparatus for the prevention of the escape of fire, and that they were properly and carefully handled, and that its employes were prudent men, and that, if the fires were set out, they were not caused by any negligence of the defendant. The case was tried on April 19, 1900, and judgment was rendered in favor of plaintiff for $386.70. Motion for new trial was duly filed and overruled, and the case is brought to this court on appeal.

The evidence tends to show that the fire in question was started by a spark or sparks from passing engines, but is conflicting as to whether the fire spread from appellant's right of way, or from a point on appellee's land. Appellants's evidence also tended to show that the engines which set out the fire were engines of north-bound passenger trains, and the engineers of these trains testified that the engines were in good condition in very respect, and that no more sparks were escaping than necessarily or ordinarily escaped in the operation of an engine; and that they were competent and skillful engineers, and handled the engines with all the care possible. The boiler inspector for the defendant, whose duty it was to inspect the engines and keep them in repair, testified that he had inspected the engines very shortly before going out on each of the trips in question, and very shortly after coming in therefrom, giving the results of the inspection, and in detail the manner and parts of the engine that were inspected, and that on the occasion of each of these inspections, everything about the engine and all the appliances were in good condition. This testimony does not appear to be controverted by any direct evidence offered in behalf of appellee. On the trial, however, appellee's counsel in his argument to the jury made the following statements, as appear from several bills of exception duly reserved thereto at the time, viz.: "That the deposition in the case, of the engineers and boiler inspectors, with reference to the care they had used in rgard to handling the engines and inspection of the apparatus, is the same, and

almost verbatim copies of the first deposition that was ever used in a grass burning case. * * * These engineers are always engineers of fifteen or twenty years experience, and one never appeared in court to testify in behalf of his company in a grass burning case, since these cases have been brought, except that he was an experienced engineer of this sort. * * * All these engineers, in suits like these, always say they can remember how they were running at such time, and this has been the case since grass cases were first brought in the courts, and the books are full of such cases."

These remarks were duly excepted to at the time, and were entirely unsupported by any evidence in the record, and no correction thereof appears to have been attempted by the court, if indeed a charge to the jury to disregard them would in any event remedy such breach of the rules pertaining to a fair trial. In answer to these assignments, it is insisted that the evidence of negligence sustains the recovery in appellee's favor and the verdict is not excessive, and that therefore the remarks complained of "could not possibly have influenced the jury improperly." We have been unable to so conclude. The evidence was sharply conflicting on both of these issues. The argument was in the nature of testimony by a witness purporting to have in such matters exceptional knowledge of facts not generally known to be true, and pertinently affecting the weight and credence to be given the testimony of witnesses in behalf of appellant otherwise unimpeached. As was said in Dillingham v. Scales, 78 Texas, 207: "The remarks of counsel excepted to were not justified or called for by anything legitimately applicable to the case. We can not say that they did not improperly prejudice the jury. We can not say that they did not exercise any influence on the jury. If they exercised any, it was an improper one." See also Railway v. Woods, 25 S. W. Rep., 742; Railway v. Scott, 7 Texas Civ. App., 619; Garrity v. Rankin, 55 S. W. Rep., 368; Railway v. Langston, 92 Texas, 729; Wichita Mill Co. v. Hobbs, 5 Texas Civ. App., 34.

In our judgment other assignments need not be discussed, inasmuch as the court's charge and other rulings, so far as the same may become material, may easily be remedied in the light of the criticisms thereof in appellant's brief. The objectionable argument of counsel, however, will require that the judgment be reversed and the cause remanded for a new trial, and it is so ordered.

*Reversed and remanded.*