ST. LOUIS TYPE FOUNDRY V. MRS. N. C. TAYLOR.

Decided November 23, 1901.

**1.—Trial of Right of Property—Claim Bond—Citation and Notice of Cross-Bill.**

In a proceeding under the statute regulating the trial of the right of property the claimant is the active party, and he and his sureties on his claim bond are not entitled to citation and notice of a cross-bill by plaintiff seeking to recover over in the claim suit on the bond.

**2.—Same—Limitations.**

The filing of such cross-bill within four years after abandonment of the claim interrupts the running of limitation against the claim bond.

**3.—Same—Amendment.**

Where such cross-bill sought to recover on the claim bond, but did not allege that the claimant had abandoned his claim, an amendment alleging that such abandonment did not set up a new cause of action within the purview of the statute of limitations.

**4.—Same—Abandonment of Claim—Liability on Bond.**

An abandonment of his claim is in effect such a failure of the claimant to establish his right as, under the statute, authorizes the court to render judgment in plaintiff's favor on the claim bond.

Error from the County Court of Bowie. Tried below before Hon. A. S. Wattington.

*P. A. Turner,* for plaintiffs in error.

*S. J. Henry,* for defendant in error.

BOOKHOUT, ASSOCIATE JUSTICE.—This is an action by the defendant in error against the St. Louis Type Foundry and W. L. Haydon upon a claimant's bond, alleging a breach of the bond by reason of the claimant's having failed to establish its right to the property, and praying for judgment against the principal and sureties upon the bond. A trial resulted in a verdict and judgment for the plaintiff against the principal and surety. The principal and surety have each prosecuted a writ of error to this court.

The following are the facts shown by the record: Mrs. N. C. Taylor sued C. E. Beard for $317, rent, on October 2, 1889. A distress warrant was issued and levied on certain personal property on same day, as the property of Beard. On October 4, 1889, the St. Louis Type Foundry executed an affidavit and claim bond for the trial of the right to the property. The bond was for $1000, with W. L. Haydon and W. L. Vinson as sureties. The officer valued said property at $500. Claimant had the affidavit and bond filed in the County Court on October 10, 1889, and case docketed No. 870. Claimant, believing that the County Court did not have jurisdiction of the claim suit, dismissed it during said October term, 1889. On February 22, 1890, the claimant filed said affidavit and bond in the District Court, and had the case docketed No. 3069. On April 1, 1891, the District Court sustained

the plea of the plaintiff to its jurisdiction, and for this reason dismissed said suit. On October 19, 1891, the claimant again filed the affidavit and bond in the County Court, and had the case docketed No. 1105. At this time the claimant intended to prosecute a writ of error from the judgment of the District Court sustaining the plea to its jurisdiction. While it was doing this, it intended that the case should remain on the docket of the County Court. It concluded, however, that it could not submit to the judgment of the District Court, and at the same time appeal from it, so, on November 5, 1891, it dismissed its suit in the County Court, No. 1105. A short time after this it sued out a writ of error from the judgment of the District Court. On March 14, 1894, the judgment of the District Court was affirmed. 6 Texas Civ. App., 732. On April 19, 1894, the claimant again filed the affidavit and claim bond in the County Court and docketed the case.

On April 27, 1894, the St. Louis Type Foundry, defendant, filed its tender of issues. On December 4, 1894, the plaintiff, under direction of the court, filed her tender of issues in which she set up her debt and alleged the suing out of a distress warrant, the levy of the same upon the property, and further, that her claim had been reduced to judgment and her landlord's line foreclosed. She further alleged that the St. Louis Type Foundry claimed the property, and had made an affidavit claiming the same, and executed a claim bond in the sum of $1000, with W. L. Haydon and W. L. Vinson as sureties, setting out the conditions of the bond, and that by virtue of said bond and oath the property had been turned over to the claimant. She claimed that she was entitled to the property by virtue of the distress proceedings and the foreclosure of her lien thereon. She prayed for judgment against the claimant and sureties on the claim bond for the value of the property, with interest thereon, for damages, and for general relief. The attorney for the claimant accepted notice in writing of the filing of this pleading and tender of issues, the same having been filed in vacation. Plaintiff, on April 27, 1895, filed a supplemental tender of issues in which she alleged, in addition to the allegations contained in the original tender of issues, that the claimant had abandoned its claim to the property by reason of its failure to file the affidavit and claim bond in the County Court within the time required by law. She prayed that the claim suit be dismissed, and for judgment on the claim bond against the principal and sureties. A trial, in 1898, resulted in a judgment for the defendant claimant. The plaintiff prosecuted a writ of error to this court which resulted in a reversal of the judgment of the trial court. 21 Texas Civ. App., 62. We held that the claimant had abandoned its claim to the property, and entered judgment dismissing the same. We declined to render judgment on the claimant's bond because the value of the property claimed had not been found by the trial court. Upon the filing of the mandate from this court, the surety, W. L. Haydon, and the claimant each answered by general demurrer, general denial, and the four years statute of limitations. To this plead-

ing plaintiff excepted, and specially replied to the plea of limitations. The trial resulted in a verdict and judgment for the plaintiff. The surety, W. L. Haydon, and the defendant, St. Louis Type Foundry, have prosecuted a writ of error to this court. The surety, W. L. Vinson, having died while the suit was pending, the cause abated as to him.

The plaintiffs in error, under their first and second assignments of error, contend that the filing of plaintiff's cross-action on the bond did not interrupt the running of the statute of limitations; that plaintiff should have gone further and caused citation to be served upon the defendant and surety. The suit was a proceeding under the statute for the trial of the right of property, and is to be governed by that statute. Under the statute the claimant is the active party. It is his duty to file the oath and bond in the proper court, and when he files the same in the court he becomes a party to the suit and submits himself to the jurisdiction of the court. He is in court for the adjudication of all matters which may be litigated in that proceeding. The statute authorizes a recovery, in that proceeding, of a judgment against the principal and sureties on the claim bond in the event the claimant fails to establish his right to the property. He is not entitled to citation and notice of a cross-bill seeking to recover over in the claim suit on the bond.

The next contention is that the sureties on the claim bond were entitled to citation and notice. It is prescribed by statute that "in all cases where any claimant of property under the provisions of this title shall fail to establish his right thereto, judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon from the date of the bond." When the sureties signed the claim bond in order to enable their principal to prosecute a suit for the trial of the right of property, they so far identified themselves with their principal as to become parties to the record. They consent that if he fails to establish his right to the property, a summary judgment may be rendered against them for the value of property and interest. The effect of the bond is to place the sureties before the court for the purposes mentioned in the statute, and they are not entitled to citation and notice of a cross-action filed in the claim suit by the plaintiff seeking judgment on the bond. Marks v. Brown, 42 Texas, 114; Johnson v. Blum, 17 Texas Civ. App., 260; Cabell v. Floyd, 21 Texas Civ. App., 135. It follows that the contentions of plaintiffs in error under their first and second assignments of error can not be sustained.

The next contention of the plaintiffs in error is that the court erred in the following charge: "If you believe from the evidence that the said St. Louis Type Foundry abandoned its claim suit four years before the filing of her cross-bill in this case, which was filed December 4, 1894, then you will find that plaintiff's cause of action is barred by limitation." Complaint is also made of the action of the court in refusing certain special charges asked by the defendant, in effect, to find

for the defendant because the plaintiff's suit was barred by the statute of limitations. We held upon the former appeal that when the District Court decided that court did not have jurisdiction of the claim, it was the duty of the claimant to file the affidavit and claim bond, without delay, in the court that had jurisdiction, and because the claimant had neglected for two terms of court to file the affidavit and claim bond in the proper court, it had abandoned its claim. The County Court of Bowie County holds four terms a year, beginning the third Monday in January, April, July, and October, respectively. If it be conceded that the defendant abandoned its claim by failing to file its affidavit and claim bond at the first term after the District Court decided it did not have jurisdiction, which judgment was rendered April 1, 1891, still four years had not elapsed at the time the plaintiff filed her cross-action on the bond on December 4, 1894. But it is contended by plaintiffs in error that the filing of the plea of December 4, 1894, did not stop the running of the statute of limitations for the reason that the pleadings did not allege that defendant had abandoned its claim to the property; that this allegation was first made in the amended tender of issues filed by plaintiff April 27, 1895, which was more than four years after the commencement of the first term of the County Court held after the judgment in the District Court had been rendered holding that court did not have jurisdiction. It is contended that this pleading set up a new cause of action, and that the statute of limitations continued to run until the amendment was filed. The contention is untenable. The new pleading did not set up a new cause of action. The plaintiff's cause of action was a suit on the bond. The pleading filed December 4, 1894, contained a cross-action on the bond, and stopped the running of the statute as to the makers of the bond. The amendment set up more specifically the reasons why the defendant's claim to the property could not prevail. Plaintiff's cause of action on the bond was not changed by the amended issue.

Again, defendants contend that the abandonment by the claimant of its claim to the property will not authorize a judgment on the bond. In the case of Dixon v. Zadek, 59 Texas, 527, a demurrer was filed by the plaintiff testing the sufficiency of the claimant's affidavit of claim to the property levied upon. The demurrer was sustained, and judgment rendered dismissing defendant's claim to the property, and in favor of plaintiff, against the principal and sureties on the bond. The court, in deciding the case, held the judgment upon the demurrer dismissing the cause was the final determination of the case, and the result of it was a failure on the part of claimants to establish their right to the property as against the plaintiff's right as a creditor. We think it clear that the abandonment by the claimant of its claim to the property is, in effect, a failure to establish its right thereto. The statute says where the claimant fails to establish his right to the property, judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon. The court did not err in

its charge on the statute of limitations, nor was there any error in refusing the special charges requested by defendant.

We conclude that there is no error in the judgment, and that the same should be affirmed.

*Affirmed.*