## HOUSTON ELECTRIC CO. v. SCHMIDT.
### (No. 687.)

(Court of Civil Appeals of Texas. Beaumont. June 9, 1921. Rehearing Denied June 22, 1921.)

1. **Evidence 123(11)—Statement of motorman immediately after and at place of accident part of res gestæ.**

Statement of the motorman immediately after collision of street car with automobile and at the place of the accident that, if he had not thought it was a jitney, he would not have hit it so hard, is admissible as part of the res gestæ.

2. **Witnesses 379(2)—Prior statement admissible to contradict and impeach.**

Statement of the motorman just after collision of his car and an automobile that, if he had not thought it was a jitney, he would not have hit it so hard, is admissible to contradict and impeach his testimony that the car was standing still at the time of the collision.

3. **Trial 120(2)—Statement in argument of a fact not in evidence improper.**

Statement in argument of a fact not in evidence, as by plaintiff's counsel that on a previous trial for the same accident defendant had certain witnesses, not now present, and that they testified then, is improper, as depriving defendant of the right to a verdict based solely on the sworn testimony.

4. **Trial 132—Improper argument held not withdrawn.**

Statement of counsel when his argument was objected to, "If * * * [it] is not proper, I will withdraw it," is not a withdrawal thereof.

5. **Trial 133(6)—Statement held not an instruction to disregard improper argument.**

Statement of the court to the jury on objection to statements in argument, "I suppose, maybe, gentlemen, you had better disregard those statements of counsel; it is not evidence, neither one of them," accompanied by a direction to the reporter, "Don't take down what I am saying," does not amount to an instruction to disregard, but is rather calculated to impress the jury with the idea that counsel's remarks were proper.

6. **Trial 129—Improper argument held not invited error because of opposing counsel's comment on absence of witnesses.**

Statement of plaintiff's counsel in argument that on a previous trial for the same accident defendant had certain witnesses (two persons who, as it appeared from the evidence, were in the car with plaintiff at the time of the accident), and that they testified then (facts not in evidence), is not invited error because of defendant's counsel having commented on absence of the witnesses, on plaintiff's not producing them; comment on absence of witnesses who are, or from their connection with the circumstances should be, possessed of a knowledge of the transaction inquired about, and who are not present, being proper, and not beyond the record, but fairly within it.

7. **Appeal and error 1060(1)—Reversal granted for improper argument where evidence of negligence was close.**

The testimony on the issue of negligence being such that the jury could have found either way, and it being impossible to say that it appears probable that the verdict was not influenced by the improper statement in argument of plaintiff's counsel that on a previous trial for the same accident defendant had certain witnesses, not present at the last trial, and that they then testified, reversal will be granted.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by Mary Schmidt against the Houston Electric Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood and Fouts & Patterson, all of Houston, for appellant.
Ward & Ward, of Houston, for appellee.

O'QUINN, J. This appeal is from a $10,-000 judgment awarded appellee, a child about four years of age, on a jury's verdict, for personal injuries received in a collision between the automobile in which she was riding with her father, mother, and others and one of appellant's street cars. The accident happened at night on the Harrisburg road, within the city limits of Houston, the automobile being outbound towards Harrisburg, and the street car inbound towards Houston. The car track was laid in that portion of the street customarily used by vehicles and the public generally, the outside rail being within about two feet of the ditch bordering the street on its south side. This placed the street car, moving towards Houston, on the left side of the center of the driveway and the automobile on the right side. The grounds of negligence alleged by appellee were: (1) Speed of the street car; (2) condition of the tracks; (3) defective headlight on the street car; and (4) discovered peril.

Appellant answered by general demurrer, general denial, and plea of contributory negligence. The case was tried before a jury upon special issues, and the jury returned a verdict against the appellant on every issue submitted. Appellant filed a motion to set aside the verdict and findings of the jury, which was overruled, and judgment was entered for appellee.

[1, 2] By its fifth assignment of error appellant complains:

"The court erred in admitting in evidence the testimony of the witness B. W. Martin with reference to his having heard the motorman say that he thought it was a damn jitney or he would not have hit it so hard, for the reason that witness' answer conclusively shows that it was hearsay testimony, and it is not

shown that the alleged statement of the motorman was made under circumstances that would render it admissible as being res gestæ."

The witness testified by deposition, and the questions and answers involved are as follows:

"Interrogatory 21: (a) State what, if any, statements or observations with reference to the collision were made after the collision by the motorman or person who was operating the street car at the time of the collision. (b) When were such statements, if any, made, with reference to the time of the collision?

"Answer: (a) The motorman said, as he stopped and got out of the street car, just after the collision, that if he had known it was not a jitney he would not have hit it so hard. That he thought it was a damn jitney. He was standing right between the automobile and the street car when he said that, and he was talking to others standing around him. (b) He made the statements just after the collision and after he had gotten out of the street car and walked around in front of his car, and he was about four or six feet from the side of the street car at the time."

The statement of the motorman was made at the place of accident and immediately after its occurrence. All declarations or exclamations uttered by parties to a transaction and which are contemporaneous with and accompany it, and are calculated to throw light upon the motives and intentions of the parties to it, are clearly admissible as part of the res gestæ; not only such declarations, but also such as are made under such circumstances as will raise a reasonable presumption that they are spontaneous utterances of thoughts created by or springing out of the transaction itself and so soon after as to exclude the presumption that they were the result of premeditation or design. Railway Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039. 27 Am. St. Rep. 902; Railway Co. v. Gray, 95 Tex. 424, 67 S. W. 763; McGowen v. McGowen, 52 Tex. 657; Railway Co. v. Boring, 166 S. W. 76. We think the testimony was also admissible to contradict and impeach the testimony of appellant's witness, the motorman in charge of the car, who testified that the car was standing still at the time of the collision. Railway Co. v. Dyer, 76 Tex. 156, 13 S. W. 377; Railway Co. v. Jackson, 93 Tex. 262, 54 S. W. 1023; Railway Co. v. McMeans, 188 S. W. 693; Main St. Garage v. Eganhouse, 223 S. W. 318. The assignment is overruled.

[3] In its fourth assignment of error appellant complains of the action of counsel for appellee in his closing argument to the jury. The record reflects the following:

"Be it remembered on the trial of the above styled and numbered cause in this court on the 15th day of March, A. D. 1920, the following proceedings were had: During the argument in the case to the jury W. H. Ward, counsel for plaintiff, used the following language: 'And you comment on why Tannhauser and Smith are not here, and I will ask Mr. Withers why they are not here. You had them here before and they testified before.' At this juncture Palmer Hutcheson, counsel for defendant, inquired: 'Is that in the record?' To this Mr. Ward replied: 'No; but you asked the question.' The following then transpired:

"'Mr. Hutcheson: Your honor, I think the cause should be argued within the record, and I shall request that you ask counsel to confine it to the record, and request the court to instruct the jury not to consider such statements of counsel.

"'The Court: I will give you a bill. I didn't pay attention to either one.

"'Judge Ward: They asked the question why witnesses are not here, and I said why they are not here. If the argument is not proper, I will withdraw it.

"'The Court: In other words, you may have a bill to show it satisfactorily.

"'Mr. Hutcheson: That is satisfactory. George Ward knew enough about it to know what he was doing.

"'The Court (addressing the jury): I suppose, maybe, gentlemen, you had better disregard those statements of counsel. It is not evidence, neither one of them. (To the reporter:) Don't take down what I am saying. (Thereupon the court made some remarks to counsel in a light vein.)'

"The court, in making the statement to the jury as above quoted, considered that he was instructing the jury not to consider the statements of counsel for plaintiff to which objection had been made, but counsel for defendant, because of what had occurred, as above shown, did not so consider it, but, on the contrary, considered that he was to have his complete bill showing that the court refused to instruct the jury to disregard said statements of plaintiff's counsel, and for that reason did not make any further request of the court to give any further instructions to the jury on the subject.

"The parties Tannhauser and Smith, referred to by Mr. Ward in his argument, were two occupants of the automobile in which plaintiff was injured at the time of the collision, and they were not produced to testify upon the trial of the case, and defendant's counsel, in their argument, commented upon their absence and raised the point that they had agreed with the theory of the accident advanced by plaintiff, or they would have been produced as witnesses. No objection was interposed by Mr. Ward to this argument.

"Mr. Withers, referred to in the argument, had been a witness for the defendant in the trial of the case, and his testimony showed that he was associated with the claim department of the Houston Electric Company at the time of collision and at all times since. No question whatever was asked Mr. Withers by either party nor did he give any testimony relative thereto as to the whereabouts of Tannhauser and Smith, or their reasons for not being present as witnesses, and there was nothing in the record upon which to base any conclusion that Mr. Withers had anything to do with the absence of these witnesses or knew anything about the cause of their absence.

"To which action of the court defendant then and there in open court excepted, and here now in open court tenders its bill of exceptions

No. 9, and prays that the same be examined, signed, and approved by the court and ordered filed as part of the record in this case, this the 1st day of May, A. D. 1920.

"Presented and agreed to by attorneys for plaintiff.

"This bill of exception examined, found correct, and signed and approved and ordered filed as a part of the record in this case this 24th day of May, 1920. Harvey, Judge Eightieth Judicial District of Texas."

The witnesses mentioned, Tannhauser and Smith, were acquaintances and friends of John Schmidt and family, and at the time of the accident were in the car with Schmidt, the injured party. The record discloses that one of them, Tannhauser, was at the time boarding with the Schmidts, and that at the time of the collision Mrs. Schmidt was sitting on the back seat of the car between Tannhauser and Smith. John Schmidt was dead at the time of the trial in this cause, having died after the trial of the case against appellant, wherein he (Schmidt) was plaintiff. His testimony on the former trial (wherein he was plaintiff) was read by plaintiff in the instant trial. The record herein does not disclose that either Tannhauser or Smith was present at or testified in the trial of the John Schmidt case, or that they or either of them had ever attended court at any time in any case growing out of said accident. No mention of them is made except Mrs. Schmidt testified that they were in the car, and that she sat between them. The effect of counsel's statement and argument was to place before the jury material testimony not given under oath and strongly calculated to influence them in their verdict. It was the statement of a fact not in evidence. The record nowhere discloses that appellant ever had the witnesses summoned or in court in any case, or that appellant had ever used them as witnesses in any case. It conveyed to the jury, as a fact, that the appellant in a case involving the very same facts and matters as the instant case had had the persons named in court as witnesses for appellant, and had used them as witnesses, but that on this occasion, in this case, the appellant had not produced said witnesses, thus making, creating, and leaving the impression with the jury that said witnesses had before testified unfavorably to appellant, and that was the reason for their absence. It is apparent that by his statement, "I will ask Mr. Withers why they are not here; you had them here before and they testified before," counsel could not have had any other purpose than to influence the jury by impressing them with the opinion that appellant had kept the witnesses away. They were absent in the instant trial, so the conclusion was that their testimony must have been damaging to appellant; hence its reason for keeping them away. There was absolutely no testimony upon which to base such argument, and, whatever may have been the purpose of such argument, it was, in our opinion, calculated to have that effect, and to deprive appellant of its legal right to have a verdict at the hands of the jury, based solely upon the sworn testimony. Railway Co. v. Wood, 91 S. W. 803; Railway Co. v. J. C. Woolridge & Son, 105 S. W. 845; Western Union Tel. Co. v. Perry, 95 Tex. 645, 69 S. W. 131.

[4, 5] Counsel for appellee contends that, when the argument complained of was called to the court's attention, he (counsel) promptly withdrew same, and that the court instructed the jury to disregard it, and that, if the argument was improper, it was cured by said withdrawal and the court's instruction. As shown by the bill of exceptions, the argument was not withdrawn, but, as we view it, substantially repeated when counsel said, "They asked why witnesses are not here, and I said why they are not here," and then said, "If the argument is not proper, I will withdraw it." This was not a withdrawal of the statement. Neither did the court instruct the jury to disregard the statement of counsel. His remark to the jury, "I suppose, maybe, gentlemen, you had better disregard those statements of counsel; it is not evidence, neither one of them," and then, in the presence and hearing of the jury, telling the reporter, "Don't take down what I am saying," did not amount to an instruction to disregard, but was rather calculated to impress the jury with the idea that the remarks and statement of counsel were proper. The issue of negligence was sharply contested—the vital issue in the case —and upon the testimony the jury could have found for either party. The argument was calculated to influence the jury, and the court should have pointedly sustained the objection to same and plainly told the jury to disregard it. Railway Co. v. Musich, 33 Tex. Civ. App. 177, 76 S. W. 219; Railway Co. v. Burton, 25 Tex. Civ. App. 63, 60 S. W. 316; Garritty v. Rankin, 55 S. W. 368; Hunstock v. Roberts, 65 S. W. 677.

[6] But counsel for appellee insists that, if the argument was error, it was invited error, for the reason that counsel for appellant went out of the record and commented on the absence of said witnesses, on appellee's not producing said witnesses, and that his statement and argument was in reply thereto. This was not invited error. It has always been considered proper for counsel to comment on the absence of witnesses who are, or from their connection with the circumstances should be, possessed of a knowledge of the transaction inquired about, and who are not present. Comment, under such circumstances, cannot be said to be beyond the record, but fairly within it. Railway Co. v. Boone, 105 Tex. 188, 146 S. W.

533; Freeman v. Vetter, 61 Tex. Civ. 569, 128 S. W. 909, 130 S. W. 190.

[7] As we have said above, there was testimony introduced from which the jury might have found either way as to negligence. In this state of the record, we cannot say that it appears probable that the verdict of the jury was not influenced by the improper argument of counsel, and, unless it can be so said, the verdict should be set aside. The policy of the appellate courts is to condemn any argument that is not within the facts, and that is especially true in cases involving uncertain damages. Galveston Electric Co. v. Dickey, 56 Tex. Civ. App. 490, 120 S. W. 1134; Dillingham et al. v. Scales, 78 Tex. 205, 14 S. W. 566.

There are numerous other assignments of error presented, but, as the matters therein urged may not arise upon another trial, we will not discuss them.

For the error discussed, the judgment will be reversed, and the cause remanded.

---

&#9096;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes