### Western Union Telegraph Company v. John C. Perry.

#### No. 1121. Decided June 25, 1902.

Argument of Counsel—Exception—Invoking Action by Court.

When exception has been reserved by proper bill to language used by counsel in addressing a jury, the Court of Civil Appeals has authority to review the action of the trial court in reference thereto, although there may have been no request by the complaining party that a charge be given to the jury to disregard the improper language.  (P. 648.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Norman G. Kittrell, Webb & Finley,* and *Burns & Jayne,* for appellants *(Geo. H. Fearons,* of counsel).—We refer to the following authorities: Young v. State, 19 Texas Civ. App., 536; Bonner v. Glenn, 79 Texas, 531; State v. Chisnell, 15 S. E. Rep., 412; Commonwealth v. Worcester, 141 Mass., 58; Vannatta v. Duffy, 30 N. E. Rep., 807; State v. Hull, 26 Atl. Rep., 191; Landers v. Railway, 33 S. E. Rep., 296; Lunsford v. Dietrich, 30 Am. St. Rep., 86.

*Thomas O. Murphy, Perry J. Lewis,* and *H. C. Carter,* for appellee.— The following are directly in point: Young v. State, 19 Texas Civ. App., 536; Lunsford v. Dietrich, 30 Am. St. Rep., 79; Railway v. Webb, 11 So. Rep., 888; Mulcairns v. City of Janesville, 67 Wis., 24; Heucke v. Railway, 69 Wis., 401; State v. Frelinghuysen, 45 N. W. Rep., 432; Railway v. Champion, 36 N. E. Rep., 221; Commonwealth v. Worcester, 6 N. E. Rep., 700; State v. Hull, 26 Atl. Rep., 191; Comer v. State, 20 S. W. Rep., 547; Landers v. Railway, 33 S. E. Rep., 296.

BROWN, Associate Justice.—The Court of Civil Appeals for the Fourth Supreme Judicial District has certified to this court the following statement and question:

"Counsel for appellee, in his closing address to the jury, presented arguments to which objections were reserved, as shown by the following bills of exception:

"No. 1. 'Be it remembered, that upon the trial of the above numbered and entitled cause the following proceedings were had: While the plaintiff's counsel, H. C. Carter, Esq., was making his closing argument to the jury, he stated that "this suit had not been brought for more than $2000 for the reason that the defendant would have removed the case to another tribunal where no recovery was allowed for mental

anguish if the suit had been brought for more than that amount;" to which argument and statement counsel for the defendant objected because the same was wholly irrelevant to any issue in the case, and was in palpable violation of the rules of the district court, and not authorized or supported by pleading or proof. And for the further reason that said H. C. Carter's associate, Mr. Thomas Murphy, in his opening speech, had been admonished by the court that the argument about removal to the Federal court was improper, and instructed the jury not to consider that part of Mr. Murphy's argument. And said argument of said Carter having been called to the attention of the court, the court announced from the bench that counsel should confine his argument to the record, and that defendant was entitled to its bill of exceptions, by reason of said argument; but failed to instruct the jury to disregard such argument. Therefore, it tenders here its bill of exception to said argument and statement of said Carter and said failure of the court, and asks that the same be signed and made a part of the record, which is accordingly done.

"'This bill is signed with the statement that at the time plaintiff's counsel told the jury not to consider any argument which he made which was objected to, and the court was not requested to instruct the jury to disregard the argument.'"

"No. 2. 'Be it remembered, that upon the trial of the above numbered and entitled cause, H. C. Carter, counsel for plaintiff, after defendant had reserved its bill of exceptions No. 1, said Carter, continuing his argument, said, referring to J. E. Webb, one of the counsel for defendant, that: "Defendant's counsel wants to limit my argument. When I strike a good point and drive it home, he interrupts me and objects to what I am saying." To which remarks of said Carter, counsel for defendant then and there objected on the ground that said remarks were prejudicial, because it was the legal and professional duty of counsel for defendant to object to said Carter going out of the record and discussing irrelevant issues, or to his referring to objection of counsel made in pursuance of his professional duty, said remarks being intended and calculated to impress upon the jury the idea that the amount sued for was only nominal, and that they were authorized to sue for, and would have sued for, a very much larger amount.

"'And defendant presents now its bill of exception in this regard, both to the said argument of counsel and to the failure of the court, after sustaining defendant's objection, to instruct the jury to disregard such argument, and asks that same be signed and made a part of the record, which is accordingly done.

"'This bill is signed with the qualification that defendant's counsel did not except to the court's failure to instruct the jury not to disregard said argument, and did not request the court to instruct the jury to disregard it.'"

"No. 3. 'Be it remembered, that upon the trial of the above entitled and numbered cause, after the counsel for defendant had taken bills of

exceptions numbers 1 and 2 to the closing argument made by plaintiff's counsel, plaintiff's counsel said: "All a corporation lawyer wants is a bill of exceptions; that counsel for the defendant had gone out of the record in their argument, and that no objection had been made thereto, and that when it came to the counsel for the plaintiff discussing the case, counsel for defendant was unfair and did not want all the facts discussed; that the court had not said that the argument of plaintiff's counsel was wrong, but had only said that he would give defendant's counsel a bill of exceptions." Here counsel for the plaintiff turned to the counsel for the defendant and asked him if he desired the court to instruct the jury not to consider the argument, and to this counsel for defendant replied to Mr. Carter that he had nothing to ask; to all of which counsel for defendant then and there objected that said remarks were improper and calculated to influence the jury against the defendant, and now asks that his bill of exceptions be allowed and made a part of the record.

" 'This bill is signed with the statement that the court was not called upon to instruct the jury to disregard the argument.' "

"No. 4. ' Be it remembered, that upon the trial of the above numbered and entitled cause, after the defendant had reserved exceptions to the remarks of counsel, as hereinbefore set forth in its previous bills, the said Carter, counsel for plaintiff, stated to the jury that "Webb (defendant's counsel) desired to make the closing argument;" to which language the said Webb then and there excepted on behalf of the defendant, and stated that he did not desire so to do, but only desired and intended to exercise his legal rights and perform his professional duty of keeping the said Carter within the record and preventing him from going out of the record and making improper and prejudicial remarks, and said remark of said Carter was objected to upon the ground that it was calculated to impress upon the jury that the defendant's counsel (Webb) was making illegal and groundless objections, and was endeavoring to do what he was not allowed by law to do, namely, make the closing argument; whereas, the said Webb was only exercising his legal rights to object to what he deemed improper argument, and call the attention of the court to the same. And defendant now presents his bill of exceptions to said language of said Carter, and to the failure of the court, after sustaining defendant's objections, to instruct the jury to disregard such argument, and asks that the same be signed and made a part of the record, which is accordingly done.

" 'This bill is signed with the statement that defendant's counsel did not request the court to instruct the jury to disregard said argument, and did not except to the court's failure so to do.' "

"No. 5. 'Be it remembered, that upon the trial of the above entitled and numbered cause, after counsel for the defendant had reserved a number of bills of exceptions to the closing argument of plaintiff's counsel, plaintiff's counsel stated that the defendant's counsel must have but little confidence in the jury, and take them to be men of but little dis-

cretion or sense, and easily prejudiced by argument; to which remarks defendant's counsel objected, because said remarks were improper and calculated to prejudice the jury against the defendant, and the defendant now asks that this bill of exceptions be allowed and made a part of the record.

" 'This bill is signed with the qualification that the court was not called upon to instruct the jury to disregard the argument.'

"In the case of Railway v. Dickens, 56 Southwestern Reporter, 124, decided by the Court of Civil Appeals of the First Supreme Judicial District, it was held: 'It was not necessary for appellant to request a charge directing the jury not to consider the objectionable remarks. It was sufficient to reserve the exception.' We doubt the correctness of that decision.

"Question. Should objections to arguments of counsel be considered in appellate courts on bills of exceptions which merely show the presentation of exceptions to such argument, without in some way invoking the action of the trial court, either by asking the repression of such argument or by requesting a charge instructing the jury to disregard the same.

"In this connection we refer to the following authorities: Young v. State, 19 Texas Civ. App., 536; Bonner v. Glenn, 79 Texas, 531; State v. Chisnell, 15 S. E. Rep., 412; Commonwealth v. Worcester, 141 Mass., 58; Vannatta v. Duffy (Ind.), 30 N. E. Rep., 807; State v. Hull (R. I.), 26 Atl. Rep., 191; Landers v. Railway (W. Va.), 33 S. E. Rep., 296; Lunsford v. Dietrich (Ala.), 30 Am. St. Rep., 86."

To the question propounded we answer: When exception has been reserved by proper bill to language used by counsel in addressing a jury, the Court of Civil Appeals has authority to review the action of the trial court in reference thereto, although there may have been no request by the complaining party that a charge be given to the jury to disregard the improper language. Railway v. Cooper, 70 Texas, 69; Moss v. Sanger, 75 Texas, 321; Dillingham v. Scales, 78 Texas, 205; Railway v. Butcher, 83 Texas, 314.