### ENGLISH v. MORRIS et al.
### No. 1236.

Court of Civil Appeals of Texas. Eastland.
Feb. 16, 1934.

J. Franklin Spears and Kilday & Howard, all of San Antonio, for appellant.

Grover C. Morris and Joe L. Hill, both of San Antonio, for appellees.

HICKMAN, Chief Justice.

■ There are two propositions briefed in this case. The first one is without merit, and no purpose would be served by a discussion of it. The second presents error. The suit was by Grover C. Morris and Joe L. Hill against J. H. English for attorneys' fees. In his closing argument to the jury, Mr. Morris employed the following language: "Mr. Spears, Mr. English's own attorney in this case, after hearing both sides of this case said that if they didn't pay me, he was going to withdraw from the case—and you see gentlemen, Mr. Spears is not here and is not taking part in this case."

The bill of exceptions preserving the matter recites that there was no evidence warranting the argument, and that same was not in reply to any argument made by appellant's counsel. That the argument was highly improper is not questioned by appellees, but they present the following counter proposition: "The court will not reverse a case on account of improper argument, unless the complaining party shall, at the time the argument is made, make a written request that it be disregarded by the jury. In case he desires to avail himself of the objection, he should also request the court to discharge the jury and declare a mistrial. He cannot speculate on the verdict of a jury, and afterwards, take advantage of the objection, if he fails to act at the proper time and raise the objection in the proper way."

■ The bill of exceptions, as qualified by the trial judge, discloses that, after the improper argument was made, and before counsel making same had concluded his address, appellant's counsel "came to the bench and privately stated to the court that he wished to object to said argument." It is not necessary, in order for a party to avail himself of an objection to improper argument, that he make a written request that it be disregarded, or that he request the court to discharge

the jury and declare a mistrial. It is not incumbent upon him to do more than call the trial court's attention thereto, and preserve his objection by a bill of exceptions. Appellant has fully complied with the requirements of the law in this regard. Western Union Tel. Co. v. Perry, 95 Tex. 645, 69 S. W. 131; Galveston Electric Co. v. Dickey, 56 Tex. Civ. App. 490, 120 S. W. 1134; Ross v. W. D. Cleveland & Sons (Tex. Civ. App.) 133 S. W. 315; Texas Indemnity Ins. Co. v. McCurry (Tex. Com. App.) 41 S.W.(2d) 215, 78 A. L. R. 760.

Since appellant objected to the improper argument during the progress of the case and at a time when the trial judge should have instructed the jury not to consider same, it becomes unnecessary to pass upon the question of whether the argument was of such nature as that the objection thereto contained in the motion for a new trial was all that was required to preserve the point. However, it is our view that it was of such nature that an instruction from the court not to consider same would not have removed its prejudicial effect. City of Pampa v. Todd (Tex. Com. App.) 59 S.W.(2d) 114.

Reversed and remanded.