## Texas Central Railway Company v. O. D. Parker.

### Decided November 14, 1903.

**Argument of Counsel—Reversible Error.**

Where, in an action of damages against a railway company for the value of certain property, counsel for plaintiff said in his closing argument to the jury: "When the railroad company kills one of your animals worth $65, they will offer you $8 for it, and if you don't take it, they will force you to bring suit and to pay out $200 to get the $65, and I intend to tell the juries of this country about the railroad's conduct in these matters," and defendant's counsel excepted to language because there was no evidence before the jury to justify it, asking the court to instruct the jury not to consider it, the overruling of the motion and failure to so instruct was reversible error.

Appeal from the County Court of Erath. Tried below before Hon. L. N. Frank.

*Martin & George,* for appellant.

*Parker, Carlton & McCarty* and *Daniel Keith,* for appellee.

STEPHENS, Associate Justice.—This was a damage suit brought against appellant, and resulted in a verdict and judgment in appellee's favor. The items of damage claimed were numerous, covering various articles of household goods and wearing apparel injured by an overflow, and also the loss of several game chickens. The evidence showed quite a difference of opinion as to the extent of the damage.

In his closing argument to the jury the attorney for appellee used this language: "When the railroad company kills one of your animals that is worth $65 they will offer you $8 for it, and if you don't take it, they will force you to bring suit and to pay out $200 to get the $65, and I intend to tell the juries of this country about the railroad's conduct in these matters." The attorney for appellant then and there excepted to this language, and asked the court to instruct the jury not to consider it, "because there was no evidence before the jury to authorize counsel to use such language, and because such language was inflammatory and was calculated to arouse the prejudices and inflame the minds of the jury against the defendant." The court overruled this motion and refused to so instruct the jury, and to this proceeding error is assigned. The case in this respect is not to be distinguished from that of Railway Co. v. Langston, 92 Texas, 709, and the still more recent case of Railway Co. v. Musick, 8 Texas Ct. Rep., 262, to which cases reference is made for discussion of the question.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*