### Galveston Electric Company v. Mary Elizabeth Dickey.

#### Decided June 21, 1909.

**1.—Trial—Argument.**

Where the injury complained of was a broken leg of the minor, and there was no evidence that the leg was or would be shortened, as a result of the accident, remarks of counsel in the closing argument asking the jury to determine if the leg was a fraction of an inch shorter than the other, and how much shorter it would be when the plaintiff became a young lady, and to compensate her for that permanent injury was improper and, objection of opposing counsel being met by the court with silence, cause for reversal.

**2.—Same—Practice.**

If remarks by counsel are improper, it is not incumbent upon opposing counsel to do more than call the court's attention thereto and make objection to the court. It then becomes the duty of the court to take such action as may be called for, either by way of warning to the counsel or instructions to the jury, or both.

Appeal from the District Court of Galveston County. Tried below before Hon. Lewis Fisher.

*Terry, Cavin & Mills,* for appellant.

*Marsene Johnson* and *O. S. York,* for appellee.

REESE, Associate Justice.—In this case A. T. Dickey, who sues as next friend of his minor child Mary Elizabeth, seeks to recover of the Galveston Electric Company damages for personal injuries alleged to have been received by the said Mary Elizabeth by reason of the negligence of one of the employes of defendant.

Defendant owns and operates an electric street railway in the city

of Galveston. At the time of the injury to the child, then about four years old, she, with her two older sisters—all children, however—were passengers on one of defendant's cars. On arriving at their destination the two older children had alighted from the car.

While being assisted from the car by the conductor the smaller child, Mary Elizabeth, was injured, having her leg broken. It is plaintiff's contention that this was caused by the negligent and careless manner in which she was handled by the conductor in that he jerked her up and dropped her on the pavement. It is defendant's contention that the child attempted to jump from the platform of the car, when the conductor tried to catch her and prevent her falling, but was unable to do so effectually. The case was tried with a jury, resulting in a verdict and judgment for plaintiff for $1,500, from which defendant appeals.

There was no error in the charge of the court, which is complained of in the first assignment of error. If the charge did not specifically enough call the jury's attention to the particular act of negligence with which the conductor was charged, and if not satisfied with the language in which the court submitted the issue of proximate cause, a special charge should have been requested. The charge certainly presents no affirmative error.

The other assignments of error are directed to improper statements of counsel for appellee in his closing argument to the jury. In the second assignment the remarks were as follows: "You determine if the leg (referring to the leg of the minor plaintiff, Mary Elizabeth Dickey, claimed to have been broken) is a fraction of an inch shorter than the other, how much shorter will it be in seventeen years from now when she is a young lady, and compensate her for that permanent injury."

The bill of exceptions shows that the above remarks were made by appellee's attorney in his closing speech to the jury, and that appellant then and there excepted on the ground that there was no evidence tending to show that the leg of the child claimed to have been broken was even a fraction of an inch shorter than the other leg. The court attempted to qualify the bill by stating that the counsel who made the remarks complained of was not interrupted in his argument, nor his attention called to the fact that his remarks were objected to, but the attention of the court was called to that fact.

If the remarks were improper it was not incumbent upon appellant to do more than call the court's attention thereto and to make his objection to the court. It then became the duty of the court to take such action as might have been called for, either by way of warning to the attorney or instructions to the jury, or both. (Rule 41 for the District Court.)

The testimony showed that the little girl's leg had been broken, but it not only did not show any shortening of the leg, present or prospective, as a result of the accident, but expressly negatived such condition, even to the extent of a fraction of an inch. By his remarks counsel for appellee called upon the jury to determine whether the leg was shorter at the time of the trial, and from that circumstance to determine how much shorter it would be when she was seventeen years

older. It is never necessary, in cases of this character, nor proper, to invite a jury to have recourse to their imagination, nor to go beyond the facts in evidence, to determine the extent of injuries received. What was said by counsel had a direct tendency to have the jury allow appellee damages for an injury never received. Counsel for appellant was helpless to prevent this consequence except to appeal to the court, which met his appeal with silence. It is no answer to say that the amount of the verdict was justified by the injuries proven to have been received. There being no standard by which the amount of such damages can be measured except the judgment and discretion of the jury, we can not say that they did not take into consideration the injury pressed upon their attention by counsel. To assume that the jury will always be governed by the evidence and not by argument of counsel, and that therefore no injury resulted from the abuse of the privilege of argument in such matter, is to throw down bars and abrogate all rules to control such argument and to confine it "strictly to the evidence." (Rule 39, District Court.) No citation of authority is needed to support the proposition that it is a violation of the rule and of the right of the opposing party to state facts, or to discuss an issue, with regard to which there is no evidence, and under the doctrine announced, as we understand it, in Dillingham v. Scales (78 Texas, 206), and by this court in Houston, E. & W. T. Ry. Co. v. McCarthy (40 Texas Civ. App., 364) and Galveston, H. & S. A. Ry. Co. v. Washington (42 Texas Civ. App., 380), we are not able to say that the remarks did not prejudice the rights of appellant. Such was their tendency, and we must assume that such was their purpose, else they would not have been made. (See also Gulf, C. & S. F. Ry. Co. v. Younger, 10 Texas Civ. App., 148.)

The assignment of error presenting this question must be sustained.

The remarks of counsel complained of by the third assignment of error were probably relieved of their injurious consequences by the withdrawal of the same by counsel and the instruction of the court to the jury to disregard them.

The remarks attributed to counsel, as shown by the fourth assignment, are of too trifling a nature to merit attention.

The errors complained of were urged in a motion for a new trial, which, for the reasons given in disposing of the second assignment of error, should have been granted.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*