## TEXARKANA & FT. S. RY. CO. v. TERRELL et al. (No. 1370.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 17, 1914.)

1. APPEAL AND ERROR (§§ 1056, 1058*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Error in excluding the answers of certain witnesses on the ground that they were conclusions and not statements of facts was not reversible error, where some of the evidence was immaterial and other parts were repetitions of what had already been stated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4195, 4200–4204, 4206, 4207; Dec. Dig. §§ 1056, 1058.*]

2. APPEAL AND ERROR (§ 1060*)—TRIAL (§ 125*)—REMARKS OF COUNSEL—PREJUDICIAL ERROR.

In an action by a minor for personal injuries from the alleged negligence of railroad employés, the remarks of counsel for plaintiffs, in his concluding argument, that defendant got a commission for depositions, gave it to a notary, and took the depositions of the boys who were with plaintiff when he was not represented, that a boy eight or ten years old can be taken into an office and made to testify to most anything, that if they had been present in court and cross-examined they would have testified differently, and his further remark, unsupported by facts in the record, that the fathers of some of the boys and the husband of one of defendant's witnesses worked for a railway company, were calculated to discredit the testimony of defendant's witnesses and arouse the sympathies of the jury and, in view of defendant's complaint as to the insufficiency of the evidence, were reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060;* Trial, Cent. Dig. §§ 303–307; Dec. Dig. § 125.*]

Appeal from Special District Court, Bowie County; W. T. Armstead, Judge.

Action by Homer Terrell, a minor, by his mother as next friend, against the Texarkana & Ft. Smith Railway Company, consolidated with action by Mrs. Emma Terrell, the mother, against same defendant. Verdict for each of the plaintiffs, and defendant appeals. Reversed and remanded for new trial.

Glass, Estes, King & Burford, of Texarkana, for appellant. Henry & Henry, and Rodgers & Dorough, all of Texarkana, for appellees.

---

HODGES, J. On August 10, 1912, Homer Terrell, a minor, instituted this suit through his mother as next friend, against the appellant, to recover the sum of $15,000 as damages resulting from personal injuries sustained on account of the alleged negligence of the employés of the railway company. Later his mother, Mrs. Emma Terrell, instituted a suit on her own account against the same defendant, to recover damages for the loss of the services of her son during his minority and a further sum for medical care and attention administered during the time her son was suffering from his injuries. The two suits were afterwards consolidated and tried together, resulting in a verdict in favor of Homer Terrell for $1,500 and in favor of his mother for $1,000. From the judgment entered the railway company has appealed.

The petitions allege, in substance, that on or about the last day of May, 1912, the employés of the Texarkana & Ft. Smith Railway Company were moving a train of cars from near the freight depot in its yards at Texarkana, to a point in the southern part of its yards; that there were several empty coal cars in that train, in one of which were a number of small boys whom the railway employés had permitted to ride; that one of the defendant's brakemen was in the car with those boys; that Homer Terrell, a youth of about seven years of age, too young to possess sufficient discretion and intelligence to appreciate the danger of being near a car or of attempting to get on a car while it was in motion, was, with another group of boys, traveling along by the side of the railway track, going in an opposite direction; that as Homer Terrell and his associates approached the train and got near enough they observed the brakeman and the small boys in the empty car; that the brakeman motioned towards him, making gestures indicating that Homer Terrell and his associates were thereby being invited to get on the car while it was in motion; that when near the rear end of the train Homer Terrell did undertake to climb onto one of the cars, and in doing so fell, and one of his feet was caught under the wheels of the train and badly crushed. It is contended by appellees that the petitions are also susceptible of the construction of charging the employés of the railway company with being in a position to observe Homer Terrell at the time he undertook to board the car, and that they were negligent, not only in inviting him to get on the car, but in failing to warn him of the danger of making the attempt. The principal ground of negligence, however, relied on is the charge that the brakeman by motions and gestures invited the plaintiff Homer Terrell to get on the car while it was in motion.

The first assigned error complains of the insufficiency of the evidence to support the judgment. It is not contended that there was not some evidence to support the verdict, but that the great preponderance was against the finding of the jury. We pass that question by, however, for the present, being of the opinion that this situation alone should not be considered sufficient to reverse the judgment.

The third assigned error complains of the charge of the court wherein he authorized a recovery upon the ground that the servants of the railway company failed to warn Homer Terrell of his danger after discovering that he was undertaking to get on the car while in motion. It is contended that the pleadings are not sufficient to justify the submission of that issue to the jury. We have examined the pleadings with considerable care, and entertain some doubt as to the propriety of submitting that issue. But as the case is to be reversed upon other grounds, we suggest that the pleadings be amended, if the appellees desire to again have that question submitted as a distinct ground of recovery. The charge of the court in that connection is not entirely free from the criticism that it assumes that Homer Terrell was too young to appreciate the dangers he encountered in attempting to get on the moving car.

[1] Several other assignments are presented in which objections are made to rulings of the court in excluding the answers of certain witnesses, upon the grounds that those answers were conclusions and not the statement of facts. We do not think the testimony was subject to the objections made. We conclude, however, that this did not constitute reversible error, in view of the fact that some of the evidence was immaterial and other portions were practically repetitions of what had already been stated.

In his concluding argument to the jury counsel for the appellees used the following language, as shown by the bills of exception presented:

"Mr. Burford told you in his speech a good deal about trial jury, that the meanest man in the country was entitled to a fair trial in a criminal case, and that even his former bad reputation could not be put in evidence against him. I don't know why he used that illustration, unless a railroad is about the meanest client that anybody can have in a civil case. Why, yes, gentlemen of the jury, we are all equal when we come before a jury. A widow can get the same consideration as the richest corporation in the country."

And again:

"In order for you, gentlemen of the jury, to understand what these depositions are and how they should be understood, I should explain how they are taken. The railroad filed its questions, and a copy was given us. We filed our crosses, and they got out a commission and placed it in the hands of Mr. Newt Spivey, and he got the boys up in his office and took their depositions. Mr. Hop Terrell, representing the railway company, was present. No one representing the plaintiff was present. We could not be there. You can take a boy eight or ten years old and take him up in an office and make him testify to most anything. Why didn't they bring them to court and let us look into their faces? I think if we could have cross-examined them they would have testified differently. They all live in Texarkana, in this county.

Some of their fathers work for the railway companies. They ought to have brought them to court.

"And how about the testimony of Mrs. Wilder? They have her deposition here. Why didn't they bring her to court and let her testify from the witness stand? She could have come here and testified like Mrs. Terrell. They ought to have brought [her] here and let you seen her. Her husband works for the Texas & Pacific Railway Company."

[2] We think much of what is here quoted is entirely outside of the record and improper. For instance, what is said about getting the boys into the office of the notary who took their depositions, and the probability of inducing them to testify to almost any state of facts; that if the boys had been present in court and placed under a personal cross-examination, they would have testified differently—was wholly unwarranted. It was evidently uttered for the purpose of discrediting the testimony of those boys in the minds of the jury. The further statement that some of the fathers of those boys worked for railway companies was the statement of a fact not shown by the record, and was designed for the same purpose. The criticisms of the testimony of Mrs. Wilder that she should have been brought into court, and that her husband worked for the Texas & Pacific Railway Company, are subject to the same objections. There was no evidence in the record that Mrs. Wilder's husband was in the service of the railway company. It was perfectly legitimate to take and use her deposition, and this course for securing her testimony was not open to criticism. The reference to poor widows and rich corporations clearly could serve but one purpose—to arouse the sympathies of the jury.

If the verdict rendered in this case was in other respects entirely satisfactory, we might decline to reverse this judgment because of these remarks of counsel. But considering the state of the evidence, we are constrained to believe that what is here complained of had considerable weight in inducing the jury to reach the conclusion they did. If that be true the verdict should not be permitted to stand. A judgment secured by such methods is not the fair and impartial expression to which the defendant was entitled. The judgment of the district court will therefore be reversed and the cause remanded for another trial.