**WICHITA FALLS. R. & FT. W. RY. CO. et al. v. EMBERLIN. (No. 10322.)**

(Court of Civil Appeals of Texas. Fort Worth. April 25, 1925. Rehearing Denied June 27, 1925.)

**1. Appeal and error ☞1062(1)—Issue submitting two questions not error, where one was undisputed.**

Submission in one issue as to whether railroad operatives discovered deceased's peril before he was struck, and whether discovery was in time to have enabled avoidance of killing, *held* not reversible error, where testimony of engineer himself as to discovery was undisputed.

**2. Appeal and error ☞232(1)—Objection to submission of issue not considered on grounds not urged at time of submission.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, objections to submission of special issue will not be considered on grounds not urged at time of submission.

**3. Appeal and error ☞302(5)—Assignment of error in rendering judgment on verdict because of improper conduct and argument of counsel, which was made basis of motion for new trial, held sufficient.**

Assignment of error in rendering judgment on findings of jury because of improper and prejudicial conduct and argument of counsel, and excessive verdict, which was made basis for motion for new trial, *held* to sufficiently direct attention of trial court to error complained of, under Vernon's Sayles' Ann Civ. St. 1914, art. 1612, notwithstanding trial court had no alternative than to enter judgment in accordance with verdict, unless same was set aside.

**4. Trial ☞114—Argument of plaintiff's counsel held improper, in action for death by railroad.**

In action for death by railroad, argument of plaintiff's counsel, taken as a whole, *held* improper and an effort to inflame and prejudice minds of jury by bringing up matters not proper for them to consider.

**5. Trial ☞110—Offer to introduce inadmissible evidence held prejudicial error.**

In action for death from being run over by railroad train, offer of counsel for plaintiff, obviously made to influence jury, to introduce testimony of fireman of train, given on previous trial, and which was clearly inadmissible, *held* prejudicial error, in view of size of verdict and probability of prejudicial effect.

On Appellee's Motion for Rehearing.

**6. Appeal and error ☞207—Argument of plaintiff's counsel held prejudicial error, notwithstanding absence of objection at trial.**

In action for death caused by railroad, argument of plaintiff's counsel to jury, reasonably calculated to inflame and prejudice, *held* prejudicial error, notwithstanding failure to object at trial, where instruction to disregard would probably not remove prejudice.

Buck, J., dissenting.

Appeal from District Court, Stephens County; W. R. Ely, Judge.

Action by Mrs. Mattie Emberlin against the Witchita Falls, Ranger & Fort Worth Railway Company and others. From a judgment for plaintiff, the named defendant and another appeal. Reversed, and remanded for new trial as between plaintiff and appellants.

See, also, 255 S. W. 796; 267 S. W. 463.

Thompson, Barwise, Wharton & Hiner, of Fort Worth, John F. Evans, of Breckenridge, Levy & Evans and Goree, Odell & Allen, all of Fort Worth, and McCartney, Foster & McGee, of Breckenridge, for appellants.

W. A. Shields, of Houston, W. C. Jackson, of Guion, and Merritt & Leddy, of Dallas, for appellee.

DUNKLIN, J. At a former term of this court, in considering the appeal in this case, two assignments of error were sustained, and the judgment of the trial court was reversed, and the cause remanded, as shown in 255 S. W. 796. A writ of error was granted by the Supreme Court, which reversed our decision, and the cause was remanded to this court for a disposition of the assignments of error which we had not determined, as shown in volume 267 S. W. 463.

For a statement of the facts of the case, the issues of negligence involved, and the judgment rendered in the trial court, from

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which the appeal was prosecuted, reference is now made to our former opinion.

We shall now determine other questions presented by appellants that were not discussed in our former opinion.

As said in our former opinion, the evidence showed that the conductor of the train did not see Emberlin before he was struck and killed, nor was there any proof that the fireman, who did not testify upon the trial, saw deceased before he was killed. The only effort made by plaintiff to sustain her allegation of negligence after discovered peril was the introduction of the testimony tending to show that the peril of deceased was discovered by the engineer in time to have avoided killing him.

[1] Issue No. 7, submitted by the court, was as follows:

"Did the operatives of the locomotive or either of them, at the time in question, see the deceased, and know of his peril in time that they could, by the use of the means at hand, and with safety to the locomotive and train, have stopped the same in time to have avoided killing the deceased? Answer 'yes' or 'no.'"

Objection was urged by appellant at the time of submission of the issue that it was erroneous because it was a combination of two issues which should be submitted separately—the two issues being, first, whether or not the operatives of the locomotive or either of them discovered Emberlin's peril before he was struck; and, the second, whether that discovery was made in time to have enabled the operatives to avoid killing him. The only proof offered to show when such discovery was made was the testimony of Vaughn, the engineer himself, and that testimony was uncontroverted. That left as the only controverted issue of fact the one whether the discovery so made was in time to have avoided killing Emberlin. Under such circumstances the assignment based on the objection above noted to issue No. 7 is overruled.

[2] We overrule the further assignment of error to the submission of that issue on the ground that it embraced the question as to whether or not some operative of the locomotive other than the engineer discovered Emberlin's peril in time to have avoided killing him, since that objection was not urged to the issue before or at the time it was submitted to the jury, and it was therefore waived. V. S. Tex. Civ. Statutes, art. 1971.

Our conclusion on the former hearing, that the evidence showed conclusively as a question of law that Emberlin was guilty of negligence proximately contributing to his death, included the further minor conclusion then reached that such negligence was established by such an overwhelming weight of the testimony as to require this court to set aside the finding of the jury on that issue, and we now affirm that conclusion. Barron v. H. E. & W. T. Ry. Co. (Tex. Com. App.) 249 S. W. 825; Lilienthal v. Motor Car Indemnity Exchange (Tex. Com. App.) 239 S. W. 906; Turley v. Campbell (Tex. Com. App.) 241 S. W. 682; Brown v. City Service Co. (Tex. Com. App.) 245 S. W. 656; Tweed v. W. U. Tel. Co., 107 Tex. 247, 166 S. W 696, 177 S. W. 957; Marshburn v. Stewart (Tex. Sup.) 260 S. W. 565.

But we are unable to sustain appellants' contention that the proof offered by appellee to support her allegation of negligence of the engineer after he discovered Emberlin's peril, and that such negligence was the proximate cause of his death, was so meager as to require this court to set aside the finding of the jury on that issue. However, we believe that the weight of such evidence may properly be considered in determining whether or not improper argument made to the jury by plaintiff's counsel, and his effort to present inadmissible testimony, operated to appellants' prejudice, as contended by appellants in assignments of error, hereinafter discussed, and in view of the rule announced in authorities cited in our former opinion, that the burden was upon plaintiff to prove actual knowledge of the engineer of Emberlin's peril in time to have avoided killing him.

[3] Another assignment of error, which was made one of the grounds in defendants' motions for new trial, reads as follows:

"That the court erred in rendering judgment on the findings of the jury herein on their verdict of $20,000 damages in this cause, and in failing to set aside such finding for the reason, under the undisputed evidence in this case, said amount was so exorbitant and excessive that it shows upon its face that the jury in rendering such verdict was influenced by improper motives, and was biased and prejudiced against this defendant, in that the evidence of disinterested witnesses in this case shows that the deceased had never during his lifetime earned any more than a bare living, and that during his past life had accumulated nothing, and further shows that the wages that the said deceased was earning at the time of his death and immediately prior thereto was due to the fact that the times were extraordinary, being times of oil development and oil boom and unstable times, and the evidence shows herein, and in view of such disinterested evidence, and the further fact that there is no evidence in this record showing or tending to show the age of the plaintiff herein or her condition of health, or her probable life expectancy, the verdict of the jury and the judgment of the court based thereon is excessive, exorbitant, and wholly out of proportion and the court erred in rendering judgment on such verdict."

Prior to the filing of appellants' motions for new trial, the court had already overruled their motions to set aside the verdict of the jury for several alleged errors, one of which was that the finding of damages in plaintiff's favor for $20,000 was excessive.

Unless the verdict had been set aside, the court had no other alternative than to enter a judgment in accordance therewith. Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881; Waller v. Lilse, 96 Tex. 21, 70 S. W. 17. But we are of the opinion that the assignment copied above, when considered in the light of the prior motion to set aside the verdict, is sufficient to direct the attention of the trial court and this court to the error complained of. Article 1612, V. S. Tex. Civ. Statutes; Morrison v. Neely, 231 S. W. 728, by the Commission of Appeals, and adopted by the Supreme Court; Harlington Land & Water Co. v. Houston Motor Car Co. (Tex. Com. App.) 209 S. W. 146; Rone v. Marti (Tex. Civ. App.) 244 S. W. 640; Barkley v. Gibbs (Tex. Com. App.) 227 S. W. 1099; Southern Traction Co. v. Wilson, (Tex. Com. App.) 254 S. W. 1104.

[4] The following proceedings were shown by a bill of exception appearing in the record:

"Mr. W. A. Shields, one of the plaintiff's attorneys, in his argument of his case to the jury, made the following argument: 'You take all of that stuff and throw it to the winds, you can do it in your manhood, and let the sunshine of God in your hearts, and you will lay your hand upon your heart and will say in the strength of my manhood, I am going to do what is right in this case, regardless of argument, and am going to give this good woman what is coming to her in this case. Sometimes a jury will say, we will let them down with a little verdict and it will be settled. Don't be misled, if you come in here with a verdict like Bill Evans wants you to give, for $6,000, it will not be settled, for the case will be appealed just the same; you give this woman enough to compensate her for her injuries and damages she has sustained.'

"Immediately after that argument was made, defendants' counsel objected to it on the ground that it was highly improper and calculated to inflame the minds of the jurors and prejudice them against the defendants, and especially objected to that portion of the argument in which the statement was made that the defendants would appeal the case if a verdict was rendered against them. The court approved the bill with the following explanation: 'At the time plaintiff's counsel made the argument, defendant's counsel objected, and the court thereupon stopped the argument of counsel and instructed the jury not to consider the remarks of counsel complained of for any purpose. Defendants at no time presented or requested a written charge to the jury or made any objection to the action of the court in instructing the jury as hereinbefore stated, and made no further objection of any kind to the argument of plaintiff's counsel set out in this bill.'

"Immediately after the foregoing argument was made, Mr. W. A. Shields, counsel for plaintiff, made this further argument: 'But I know as well as I know anything on this earth that they are expecting to get this jury to cut down the amount of this verdict—that is their hope, and that is their only hope, and that is their ultimate desire in this case to get this verdict cut down; that is what they are trying to do. When you go out to discuss this case, don't discuss anything but the facts in the case; don't discuss anything but the evidence from the witness stand. If any of you happen to know of any facts in connection with the case keep it to yourself; don't discuss the case any time except in the jury room; only consider it as a body as a jury. Don't arrive at the verdict by lot. Don't set down each man what you think she ought to have and divide it by twelve and then get the average; that is not the law. You all have to agree on a verdict, you have got to discuss it with each other; you have got to agree on it as one body of twelve men, all agreeing to the same thing. I make these suggestions because I want you to bring a verdict that will be legal and stand up in the higher courts. I make these suggestions to you, and want you to go out and sit down and figure out what these railroad companies owe this woman, and make that the amount of your verdict.' "

The record shows a bill of exception by defendants' counsel to that argument, on substantially the same grounds as were urged to the argument above noted. The bill of exception was approved by the trial judge with the following explanation:

"The argument complained of was not called to the attention of the court, and defendants' counsel made no objection to the same, neither during the argument nor at any time before the jury returned their verdict, and the first time the court's attention was ever called to the fact that such argument had been made was when the amended motions of the defendants for a new trial were presented to the court."

Another bill of exception appears in the record which shows the following:

"While this case was being argued to the jury, Mr. W. A. Shields, one of the plaintiff's attorneys, in arguing the case to the jury, argued to the jury in effect that there were thirteen lawyers representing the defendants in this case and that there were more lawyers representing the defendants than there were jurors sitting on the case; and,

"Be it remembered further that the said W. A. Shields illustrated such argument by exhibiting to the jury one of the special issues requested by defendants' said special issue, being signed by the following firms of lawyers, to wit: Thompson, Barwise, Wharton & Hiner, Levy & Evans, John F. Evans, Jr., McCartney, Foster & McGee, and Goree, Allen & Odell—and said special issue being one of the requested instructions, which was requested by all of the defendants in the case, and,

"Be it remembered further that there were in the trial of the case actively present in the courtroom only six lawyers representing the defendants, and that three of these lawyers were representing one of the defendants and that three of these lawyers were representing two of the other defendants, and defendants do here now tender this their bill of exception to

274 S.W.—63

such argument of the said Shields, and say that the same was so inflammatory and outside of the record in the case, and was reasonably calculated to inflame the minds of the jurors and prejudice the case of the defendants with the jury and arouse their bias and prejudice against the defendants and each of them."

That bill of exception was approved by the court with the following explanation:

"The said W. A. Shields did not say to the jury that there were thirteen lawyers present and actively representing the defendants, but said to the jury that the names of thirteen lawyers were signed to the requested instructions. No objection was made to any of the matters complained of in the foregoing bill during the argument, nor at any time until after the jury had returned their verdict, and the first time the matters complained of in this bill of exception were ever called to the attention of the court was when the amended motions for a new trial were presented to the court."

Another bill of exception in the record shows the following proceedings:

"Be it remembered that upon the trial of the above numbered and entitled cause, while this case was being tried before the jury, Mr. W. A. Shields, one of the plaintiff's attorneys, turned to the court stenographer, who was reporting said case, and requested him to turn to the testimony of the fireman who was operating the said train at the time of the accident which resulted in the death of the deceased R. L. Emberlin, said testimony having been given by the fireman in the former trial of this case, and the said W. A. Shields requested said court reporter to read from his notes certain portions of the testimony of said fireman to the jury, all of which actions on the part of the said W. A. Shields the court permitted.

"And be it remembered further that the said fireman was not called as a witness, and did not testify as a witness upon the trial of this case at the present trial. And the said defendants and each of them duly excepted to the actions and conduct of the said W. A. Shields in having the reporter turn to the testimony of the fireman given at a former trial of the case and attempting to introduce said testimony in evidence through the lips of the stenographer from his notes written during a former trial of the case, it not being shown that the fireman was dead; and the defendants duly excepted to the action of the court in permitting the said W. A. Shields to do each and all of the acts herein above set forth, and in the court permitting said W. A. Shields to endeavor to introduce said testimony of the fireman, given at a former trial, in evidence by having the court stenographer read same from his notes made at a former trial of the case, for the reason that said testimony was not admissible in evidence, it not being shown that the fireman was dead, and said actions and conduct on the part of the said W. A. Shields and the court were highly prejudicial to the defendants and reasonably calculated to cause the jury to believe that the testimony of the said fireman was against said defendants," etc.

That bill of exception was approved by the court with the following explanation:

"The court did not grant the said W. A. Shields permission to offer to introduce the evidence of the fireman given on the former trial, but the said W. A. Shields in the usual way did offer to introduce certain portions of said evidence, whereupon objection was made by the defendant, and the said W. A. Shields did not further urge the admission of said evidence, and none of the evidence given by the fireman on the former trial was introduced on the trial of this case."

In Willis & Bros. v. McNeill, 57 Tex. 465, it is said:

"The eighth assigned error is that 'the court erred in permitting defendant's attorney in the concluding argument to discuss the wealth of the plaintiffs; and to insist that the wealthier the plaintiffs were the greater the amount of damages that should be assessed against them, as shown by bill of exception No. 8.'

"The evidence submitted on the trial of a cause should be confined to the issues made by the pleadings, and it is the sworn duty of the jury to try the case according to the law given them in charge by the court and the evidence submitted. The rules for the government of the district court prescribe that 'counsel shall be required to confine the argument strictly to the evidence and to the argument of opposing counsel;' and that 'the court will not be required to wait for objections to be made when the rules as to argument are violated, but should they not be noticed and corrected by the court, opposing counsel may ask leave of the court to rise and present his point of objection.' Rules 39 and 41.

"It is further provided (rule 121), that any supposed violation of the rules to the prejudice of a party may be reserved by bill of exceptions, presented as a ground for a new trial, and assigned as error by the party who may have conceived himself aggrieved by such supposed violation.

"Under these rules the duty devolves affirmatively, first, upon counsel to confine the argument strictly to the evidence and to the argument of opposing counsel; second, upon the court, on its own motion, to confine counsel to this line of argument. If both the counsel who is making the argument and the court should fail in the discharge of this duty, then the rules give to opposing counsel the privilege, but does not make it his duty, to then present his point of objection. This discretion given to counsel, as to whether he will make the objection at the time, was doubtless based upon the well known embarrassments and often prejudice which generally attend the interruption of the argument of one counsel by another; and was intended to place that as a duty where it properly belongs—upon the presiding judge.

"In announcing as a rule of practice that which was subsequently incorporated into the present rules of court above quoted, it is said by the late learned chief justice of this court, in Thompson v. The State, that 'zeal in behalf of their clients, or desire for success, should never induce counsel in civil cases, much less

those representing the state in criminal cases, to permit themselves to endeavor to obtain a verdict by arguments based upon other than the facts in the case and the conclusions legitimately deducible from the law applicable to them.' It is further said that such practice is of sufficiently grave importance and so highly objectionable as to require the decided condemnation of the court, 43 Tex. 274. Whether counsel under such circumstances remain silent or object, may be alike prejudicial to his cause. Silence may be construed into acquiescence, objection may call forth a damaging repartee.

"In Berry v. The State, the distinguished Judge Lumpkin, in commenting upon a similar question and upon the duty of the court to check the argument of counsel, says: 'That the practice complained of is highly reprehensible, no one can doubt. It ought in every instance to be promptly repressed. For counsel to undertake by a side wind to get that in proof which is merely conjecture, and thus to work a prejudice in the mind of the jury, cannot be tolerated. Nor ought the presiding judge to wait until he is called on to interpose. For it is usually better to trust to the discrimination of the jury as to what is and what is not in evidence, then for the opposite counsel to move in the matter. For what practitioner has not regretted his untoward interference, when the counsel thus interrupted resumes, "Yes, gentlemen; I have touched a tender spot, the galled jade will wince; you see where the shoe pinches."' 10 Ga. 522.

"This question was also elaborately discussed, and the practice very gravely condemned by our Court of Appeals, in Hatch v. The State, 8 Ct. [Tex.] App. 416 [34 Am. Rep. 751]. The argument of counsel, complained of in the present case, did not legitimately belong to any proper issue in the case; was not based upon any evidence adduced, or which could have been properly adduced on the trial, and was calculated to inflame the passions and excite the prejudices of the jury. That it did so inflame and excite them may well be presumed from the very large verdict which was returned."

The decision in Willis & Bros. v. McNeill to the effect that improper remarks of counsel in argument to a jury are available on appeal, notwithstanding the failure of the party prejudiced to object at the time the argument was made, was followed by the Court of Appeals in the case of Home Life & Accident Co. v. Jordan, 231 S. W. 802, and in that case a judgment was reversed for improper argument, although no objection was presented to it at the time it was made. Many decisions might be cited in which judgments were reversed for improper argument made to juries, such as Dillingham v. Scales, 78 Tex. 207, 14 S. W. 566; Tex. Cent. Ry. Co. v. Parker, 33 Tex. Civ. App. 514, 77 S. W. 42; Miller v. Burgess (Tex. Civ. App.) 136 S. W. 1174, and other decisions there cited; Houston Ice & Brewing Co. v. Harlan (Tex. Civ. App.) 212 S. W. 779, and decisions there cited; Kirby Lumber Co. v. Youngblood (Tex.

Civ. App.) 192 S. W. 1106, and decisions there cited.

In Dillingham v. Scales, 78 Tex. 205, 14 S. W. 566, cited above, the judgment was reversed because of improper argument to the jury made by plaintiff's counsel, which was withdrawn when defendant's counsel objected thereto, and in that case our Supreme Court said:

"On account of there being no exact method of estimating the amount of such damage provided by the law, we do not feel authorized to set aside every verdict that is for a greater amount than we would have given as an original question, or when we can not account for it from the evidence when the question has been properly submitted to the jury. But in all such cases there must be no ground to believe that the verdict has been influenced from any improper cause. It must appear that the cause has been fairly submitted to the jury upon the law and evidence, and there must be no ground for charging that the verdict has been influenced by extraneous considerations or by passion, partiality, or prejudice. The verdict is larger than we can account for upon any view of the evidence. The remarks of counsel excepted to were not justified or called for by anything legitimately belonging to the case. We cannot say that they did not improperly prejudice the jury. We cannot say that they exercised no influence on the jury. If they exercised any it was an improper one. The fact that we have no means, and that the jury have none, of arriving at the exact amount of damages in such cases emphasizes the importance of guarding the minds of the jury from all misleading and improper influences and appeals. The judgment is reversed and * * * remanded."

In Southern Traction Co. v. Wilson, 254 S. W. 1104, by the Commission of Appeals, a judgment was reversed, and the cause remanded to the trial court, for misconduct of the jury; the following appearing in the syllabus of the opinion in that case:

"If, from the evidence taken by the trial judge on the hearing of a motion for new trial, on the ground of misconduct of the jury, it is reasonably doubtful as to whether a juror was influenced to any extent in arriving at his verdict by discussion of improper evidence in the jury room, the verdict must be set aside."

To the same effect are the decisions in the following cases: Hines v. Parry, 238 S. W. 886; Payne v. Harris, 241 S. W. 1008, by the Commission of Appeals.

The following is taken from the syllabus of Lamar v. Panhandle & S. F. Ry. Co. (Tex. Com. App.) 248 S. W. 34:

"Where there is doubt as to whether error was harmful, the doubt should be resolved in favor of the one against whom the error was committed."

In American Express Co. v. Chandler, 231 S. W. 1081, by the Commission of Appeals, a judgment was reversed for remarks by the trial judge during the trial, which were in

effect a comment on the weight of the evidence, notwithstanding the fact that in his charge to the jury the judge admitted his error and withdrew the statement; the Commission of Appeals holding that it could not reach the conclusion that the error was harmless.

In Miller v. Burgess, 136 S. W. 1174, this court reversed a judgment for improper argument of counsel, and, speaking through Chief Justice Conner, had this to say:

. "As has been often determined, inflammatory argument, unsupported by any evidence in the record, constitutes error, where it tends to affect the issue of liability, as well as when its tendency is to augment the amount of damages. See C., R. I. & T. Ry. v. Musick, 33 Tex. Civ. App. 177, 76 S. W. 219; Electric Co. v. Black, 40 Tex. Civ. App. 415, 89 S. W. 1087; H. E. & W. T. Ry. Co. v. McCarty, 40 Tex. Civ. App. 364, 89 S. W. 807; Ft. W. Belt Ry. Co. v. Johnson [59 Tex. Civ. App. 105] 125 S. W. 387. In the present case we cannot assume that the purpose of appellee's counsel in making the argument was any other than to thus affect the issue of liability, for, as is now contended, no other issue was left for the determination of the jury. For the error discussed, we think the judgment must be reversed, and the cause remanded."

In Kirby Lumber Co. v. Youngblood (Tex. Civ. App.) 192 S. W. 1106, cited above, the following was said in sustaining an assignment of error to improper argument to the jury:

"It is clear from the statements made by plaintiff's counsel that he could have no other object in view than to arouse the passion and prejudice of the jury. The argument was not based upon any evidence adduced upon the trial. It is true the trial judge admonished said attorney 'that he should in his argument keep within the record, and that the argument was improper'; but when the seeds of passion and prejudice are sown and fall in fallow ground, it is difficult, indeed, to destroy its effect, even by the most careful admonition and painstaking instructions; and when counsel, either in their argument to the jury or during the trial, in the presence of the jury, go outside of the record, and indulge in remarks that are clearly intended to arouse the passion or prejudice of the jury, and likely to influence them, such conduct not only authorizes but requires the trial court to set aside the verdict of the jury, and this should be done, even though the court may have instructed the jury to disregard such argument. Rules 39 and 41, District Court (142 S. W. xx); Railway Co. v. Jarrell, 60 Tex. 270; Texarkana & Ft. Smith Ry. Co. v. Terrell [Tex. Civ. App.] 172 S. W. 742; Moss v. Sanger Bros., 75 Tex. 323, 12 S. W. 619."

Without undertaking to determine whether any one of the bills of exception referred to above, considered separately and apart from the others, would of itself show reversible error, we have, after mature consideration, concluded that those four bills of exception, considered as a whole, show improper and unwarranted proceedings, which require a reversal of the judgment.

[5] The argument complained of brought to the minds of the jurors matters which were not proper for them to consider, because not evidence in the case, and evidently was made for the purpose of influencing the verdict in plaintiff's favor, and the same was reasonably calculated to have that effect. Likewise the request of plaintiff's counsel, addressed to the court stenographer in the presence of the jury, to read to them the testimony of the fireman given upon a former trial, but who was not introduced as a witness on the last trial, with no showing that he was dead, and no other predicate laid for the introduction of that evidence, was plainly calculated to influence the jury in plaintiff's favor, and evidently the offer to introduce it was made for that purpose. Furthermore, the fact that the evidence offered was so clearly inadmissible in connection with the further fact that counsel abandoned further effort to introduce it upon objection made thereto, without waiting for a ruling upon the objection, indicates that he probably offered it with no expectation that it would be admitted. The offer was tantamount to a suggestion by innuendo that in the opinion of counsel offering it the fireman's evidence on the former trial tended to support the cause of action alleged by the plaintiff, and the force of that implied suggestion was probably heightened by the objection to that evidence made by defendant's counsel, which objection they undoubtedly had the legal right to make.

As announced in decisions cited above, if the action of plaintiff's counsel, shown in the bills of exception referred to, was improper and reasonably calculated to excite bias in plaintiff's favor or prejudice against the defendant, reversible error is shown, unless it clearly appears that the same resulted in no harm to the defendants.

Whether such action on the part of plaintiff's counsel did in fact operate upon the minds of the jurors prejudicially to the defendant, we cannot know with certainty, but we believe it probably had that effect, in view of the amount of damages allowed, which seems to us to be excessive under all the evidence bearing upon that issue, which we shall not undertake to discuss at length, and in view of the further fact that, notwithstanding their findings that the deceased neither looked nor listened for the approach of the train immediately before he was struck, the jury further found that he was not guilty of contributory negligence in stepping upon the track in front of the slowly approaching engine, which it conclusively appears was plainly visible to him immediately before he did so. Railway Co. v. Johnson (Tex. Civ. App.) 224 S. W. 277. If they were improperly influenced to make that

finding, it is probable that their findings on other issues against the defendants were influenced likewise. At all events we are unable to conclude that the errors discussed did not influence the jury to appellants' injury, and that those errors were therefore harmless.

For the errors noted, the judgment of the trial court in favor of appellee against appellants Wichita Falls, Ranger & Fort Worth Railway Company and the Fort Worth & Rio Grande Railway Company is reversed, and the cause is remanded for a new trial as to those parties. The judgment in favor of the St. Louis, San Francisco & Texas Railway Company, of which no complaint is made on this trial, is left undisturbed.

BUCK, J., not sitting.

On Appellee's Motion for Rehearing.

DUNKLIN, J. [6] Counsel for appellee have cited numerous decisions to show that the decision of our Supreme Court in Willis & Bros. v. McNeill, 57 Tex. 465, cited in our former opinion, to the effect that advantage may be taken of improper argument to the jury in the absence of any objection thereto at the time it was made, has been qualified by later decisions. The leading case cited and relied on is Moore v. Moore, 73 Tex. 394, 11 S. W. 396, in an opinion by Judge Hobby, of the Commission of Appeals, approved by the Supreme Court, in which the following was said:

"When counsel in argument go beyond a discussion of the issues arising out of the pleadings and evidence exceptions should be taken at once. It is only where remarks of counsel are reprehensible, not provoked by the other side and in answer thereto, called to the attention of the court and not by the court checked, and some probability existing that the verdict was influenced thereby, that they will be ground for reversal. * * * It is peculiarly the office of an objection or exception of this character that it shall be made at the time of the act complained of, in order that the evil may be promptly remedied, and which it is to be presumed would be unhesitatingly done. But to allow without objection the continuation of such a line of argument would in some cases enable a party to take the chance of a favorable verdict, and which if adverse to him could be set aside upon objections which if promptly made would have resulted in a correction by the court."

But in that case it was further pointed out that the argument objected to had been provoked by counsel of opposing party, and that there was nothing in the record which tended to show that the verdict of the jury was influenced by the improper argument.

Another decision is Moore v. Rogers, 84 Tex. 2, 19 S. W. 283, by Judge Fisher of the Commission of Appeals, approved by the Supreme Court. In that case, in discussing an assignment predicated upon improper argument, the court said:

"We do not feel called upon to consider this question as presented, because the question here urged was not raised in the court below. No exception was made to the language of counsel, and the attention of the court was not called thereto; but we do not see how any prejudicial effect could have resulted from the use of this language. The facts commented upon in the argument are reasonable deductions to be drawn from the evidence."

Other decisions cited by appellee, in which assignments of error to improper arguments were overruled, are American Freehold Land Mortgage Co. of London v. Brown, 54 Tex. Civ. App. 448, 118 S. W. 1106, by the Court of Civil Appeals at Austin; Davis v. Kennedy, 245 S. W. 259, by the Court of Civil Appeals at Amarillo; Uvalde Co. v. O'Brien, 265 S. W. 1083, by the San Antonio Court of Civil Appeals; G., H. & S. A. Ry. Co. v. Henry. 252 S. W. 213, by the Galveston Court of Civil Appeals; H. & T. C. Ry. Co. v. Alexander, 121 S. W. 602, by the Dallas Court of Civil Appeals; Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 631; S. A. U. & G. Ry. Co. v. Storey, 172 S. W. 188, and Jones v. Wright, 92 S. W. 1010, by the San Antonio Court of Civil Appeals; Debes v. Greenstone, 260 S. W. 211, by the Beaumont Court of Civil Appeals; Employers' Ins. Assn. v. Herring, by this court, 269 S. W. 249, in which the following was said:

"But, even if this argument was objectionable, which question we do not decide, we think that the objection, being to the argument as a whole, and portions of the argument being in our opinion justified by the testimony in the record, and the objection made to the court, as shown by his modification to the bill of exceptions, failing to call the trial court's attention to what part of the argument objection was made, we conclude that no reversible error is shown."

In reply to those decisions, appellant has cited numerous other decisions to the effect that, where the objectionable argument is clearly and highly prejudicial, the judgment will be reversed, in the absence of any objection made to the argument at the time. One of the cases cited is G., C. & S. F. Ry Co. v. Greenlee, 70 Tex. 553, 8 S. W. 129, by Justice Gaines, speaking for the Supreme Court, in which the following was said:

"An exception was taken to the language of one of the counsel for plaintiffs, used in the closing argument to. the jury. The language was not objected to when uttered, and the judge states, in the bill of exception that his attention was engrossed at the time in the preparation of his charge, and that he only heard one of the remarks of which complaint is made, and that this he promptly checked. Without passing upon the question whether the language is of such a character as would require a reversal under any circumstances,

we will say that the remarks were not so plainly prejudicial to defendant as to demand that the verdict be set aside, in the absence of an objection by its counsel at the time the words were spoken."

Other cases cited by appellant include Vogt v. Guidry (Tex. Civ. App.) 229 S. W. 656, in which a judgment was reversed for improper argument, even though no objection was offered thereto when it was made; the court using the following language:

"It is the general rule that advantage cannot be taken in an appellate court of improper argument before a jury, unless objection be presented at the time the argument is made; and there are numerous Texas cases sustaining the rule. However, there are exceptions to the rule, and where the argument is intensely vituperative, and is based on matters not in evidence, and which necessarily must have caused prejudice and probably thwarted justice, it becomes the duty of the trial judge to set aside the verdict of the jury, even though no objections were urged to the argument when made. Willis v. McNeill, 57 Tex. 465; Railway v. Jarrell, 60 Tex. 267; Willis v. Lowry, 66 Tex. 540, 2 S. W. 449; Railway v. Greenlee, 70 Tex. 553, 8 S. W. 129; Prather v. McClelland [Tex. Civ. App.] 26 S. W. 657; Railway v. Rehm, 36 Tex. Civ. App. 553, 82 S. W. 526; Railway v. Washington, 42 Tex. Civ. App. 380, 92 S. W. 1054; Alamo Iron Works v. Prado [Tex. Civ. App.] 220 S. W. 283."

A like ruling was made by the same court in the case of Alamo Iron Works v. Prado, 220 S. W. 283, also in the case of Prather v. McClelland, 26 S. W. 657, by the Austin Court of Civil Appeals.

In H. & T. C. Ry. Co. v. Rehm, 36 Tex. Civ. App. 553, 82 S. W. 526, by the Galveston Court of Civil Appeals, the following was said:

"It seems to have been generally held that, where the language complained of is improper only because not strictly confined to the evidence, it must be excepted to at the time it was used, otherwise it will not be a ground for setting aside the verdict; but we think it well settled that when counsel in their address to the jury intentionally go outside of the record and indulge in remarks that are clearly prejudicial to the rights of the opposing side, and must have been made for the purpose of influencing the jury, such conduct not only authorizes, but requires, the trial court to set aside the verdict of the jury, notwithstanding the remarks were not objected to at the time they were made. We think the remarks of counsel set out in the assignment are of the character referred to by Judge Gaines in Railway Company v. Greenlee, 70 Tex. 553, 8 S. W. 129, as being 'so plainly prejudicial to defendant as to demand that the verdict be set aside.' * * * The prejudicial effect of these remarks is reflected in the size of the verdict rendered, which we think is much larger than the facts warrant. If this were the only effect produced by the violation by appellee's counsel of the rule requiring the argument to be confined to the evidence, we might remedy the wrong by requiring a remitter, but, as before stated, the evidence is not conclusive upon either the issue of negligence on the part of appellant nor that of contributory negligence, and we cannot say that these improper remarks did not influence the jury in the determination of these issues. * * * The judgment * * * is therefore reversed, and the cause remanded."

In M., K & T. Ry. Co. v. Thomas, 63 Tex. Civ. App. 312, 132 S. W. 974, the Court of Civil Appeals at Austin reversed the judgment by reason of testimony brought out by plaintiff's counsel that he was a married man and had children, although an objection urged to the testimony was sustained by the trial court, and the jury were instructed not to consider it.

In Dillingham v. Scales, 78 Tex. 205, 14 S. W. 566, the Supreme Court said:

"The verdict is larger than we can account for upon any view of the evidence. The remarks of counsel excepted to were not justified or called for by anything legitimately belonging to the case. We cannot say that they did not improperly prejudice the jury. We cannot say that they exercised no influence on the jury. If they exercised any it was an improper one. The fact that we have no means, and that the jury have none, of arriving at the exact amount of damages in such cases emphasizes the importance of guarding the minds of the jury from all misleading and improper influences and appeals."

To the same effect are Railway Co. v. Gordon, 70 Tex. 80, 7 S. W. 695; and H. & T. C. Ry. Co. v. Rehm, 36 Tex. Civ. App. 553, 82 S. W. 526.

In Sinclair v. Stanley, 69 Tex. 727, 7 S. W. 517, the following is said:

"As said by this court in Railway Company v. Irvine, 64 Tex. 535, the use of improper language by counsel, within itself, furnishes no sufficient reason for reversing a judgment; and it is only in cases in which the preponderance of the evidence seems to be against the verdict or in cases in which the verdict seems excessive and there is reason to believe that the verdict may have been affected by such course of conduct, that it becomes ground for reversal."

In Mo. Pac. Ry. Co. v. Mitchell, 72 Tex. 171, 10 S. W. 411, it was said:

"If it should appear that during a trial questions were propounded to witnesses apparently to establish things that did not exist, and to which it was known the witnesses could not testify, or apparently to prove such things in a mode in which they could not be proved, with a view to make a false impression on the jury, then such conduct would be reprehensible, and in such case, if looking to the entire record there was reason to believe the jury had been influenced by such course, this would furnish ground for reversal."

That language was quoted with approval by our Supreme Court in Clegg v. Gulf, C. & S. F. Ry. Co., 104 Tex. 280, 137 S. W. 109.

In Houston Car Wheel & Machine Co. v. Smith, 160 S. W. 435, the San Antonio Court of Civil Appeals reversed a judgment because plaintiff's attorney, in questioning the jury panel on their voir dire, intimated that the defendant company might have indemnity insurance against accidents such as the one involved in the suit.

In Strawn Coal Co. v. Trojan (Tex. Civ. App.) 195 S. W. 256, the following was said:

"That the argument made to the jury as above indicated was improper is obvious. Equally so was the repetition of the objectionable questions. The latter conduct was simply an effort to place before the jury evidence highly objectionable and prejudicial. It indirectly had that effect. We are loath to reverse cases on account of improper argument and objectionable conduct in the examination of witnesses, realizing that in the argument and development of evidence counsel will often by inadvertence stray from the strict rules. But where the conclusion is irresistible that it has been deliberately done with the manifest purpose of obtaining an unfair and improper advantage, and such conduct is reasonably calculated to effect its purpose, we do not hesitate to reverse therefor. This case falls within that category. This objectionable argument and conduct was aggravated and intensified by other argument of plaintiff's counsel complained of in the seventeenth, eighteenth, and nineteenth assignments, which was likewise improper. The assignments mentioned are all sustained. Galv. Elec. Co. v. Dickey, 56 Tex. Civ. App. 490, 120 S. W. 1134; Rotan v. Maedgen, 24 Tex. Civ. App. 558, 59 S. W. 587; C., R. I. & T. Ry. v. Langston, 19 Tex. Civ. App. 568, 47 S. W. 1027, 48 S. W. 613; and cases cited; Ft. Worth, etc., Ry. v. Hays, 51 Tex. Civ. App. 114, 111 S. W. 446."

In Levinski v. Cooper (Tex. Civ. App.) 142 S. W. 959, an assignment of error was sustained to the propounding of a question to the defendant, who was sued for damages on account of the death of plaintiff's son, who was drowned in a swimming pool maintained by the defendant. The question was:

"Is'nt it a fact that you were so convinced that it was a dangerous place that you induced an indemnity company to make a bond for you?"

An objection to the question was sustained by the court, who thereupon instructed the jury that the question was not proper evidence, and that they must not consider it or allow it to have any influence upon them in returning a verdict. In the opinion in that case, the court cited many decisions in which it was held that the mere asking of an improper question was reversible error, and concluded the discussion with the following:

"The question in this case of liability vel non, under the facts, was a closely contested issue; and it seems to us that the asking of this question, under the circumstances, was highly prejudicial to the rights of appellant, and may have, and likely did, influence the jury in returning their verdict. We therefore sustain the assignment presenting this question."

Acola v. Magnolia Petroleum Co. (Tex. Civ. App.) 261 S. W. 384, was an action for damages to plaintiff's automobile from collision with one owned by defendant, and the judgment of the trial court was reversed by reason of questions propounded to one of defendant's witnesses as to whether or not the defendant's car was insured, and which the witness answered he did not know. Several decisions were cited in the opinion in support of that ruling, the court saying:

"Such questions have been repeatedly denounced by our appellate courts. It is no longer an open question, and counsel who dare to ask such questions and secure a verdict must suffer the consequences of their infraction."

In Tarbutton v. Ambriz (Tex. Civ. App.) 259 S. W. 259, and Lange v. Lawrence (Tex. Civ. App.) 259 S. W. 261, assignments of error were sustained to the action of plaintiff's counsel in inquiring of the jurors in examination on their voir dire as to whether or not they or any of their families were employed by, or had any interest in, any liability insurance company.

In Coon v. Manley, 196 S. W. 606, this court, through Chief Justice Conner, reversed a judgment by reason of improper questions propounded to witnesses and improper argument made by counsel, notwithstanding the objections to the questions were sustained by the trial court, and the jury was instructed not to consider such questions or the answers thereto, and were also instructed not to consider the improper argument made.

In Davis v. Hill (Tex. Civ. App.) 271 S. W. 281, the judgment of the trial court was reversed for improper argument; several matters not in evidence having been discussed, although counsel objected only once to that line of argument. Following the decision in Willis & Bros. v. McNeill, 57 Tex. 465, and citing Home Life & Accident Ins. Co. v. Jordan (Tex. Civ. App.) 231 S. W. 802, the court said:

"As we understand the rule, counsel is not required to object to improper argument."

The following is quoted from the syllabus of the opinion of the Commission of Appeals, which was approved by our Supreme Court, in Parker v. Miller, 268 S. W. 726:

"New trial held improperly denied, where plaintiff's counsel, while discussing testimony of one of plaintiffs in closing argument, was interrupted by defendant's counsel asking if he did not know that same witness had on former trial testified directly contrary to testimony in instant trial; there being no evidence that such was the case."

It further appears that at the time of the interruption of the argument defendant's counsel offered to hand plaintiff's counsel the stenographer's transcript of the witness' testimony on the former trial. In that case the Court of Civil Appeals had overruled the assignment addressed to such action of defendant's counsel; the final conclusion of that court on rehearing being that the evidence was so preponderating in plaintiff's favor that the jury could not have reached a different verdict. But that conclusion was overruled by the Supreme Court on the grounds that the jury were the exclusive judges of the facts, and that by reason of such conduct of defendant's counsel plaintiffs did not have a fair trial. And in the opinion of the Court of Civil Appeals, as shown in 258 S. W. at page 604, it is stated that no objection was made by plaintiff's counsel at the time to the remarks of defendant's counsel, nor did he reserve a bill of exception or request the court to instruct the jury not to consider such remarks of defendant's counsel, or inquire of the jurors on his motion to set aside the verdict for their alleged misconduct in other particulars as to whether or not such misconduct of defendant's counsel influenced the verdict. After reciting those facts, the Court of Appeals said:

"In the absence of all these things we do not think counsel has met the rule laid down by the courts authorizing appellant to take advantage of such error on appeal."

In the determination of assignments of error, such as those now under discussion, the facts of each particular case must be looked to; and in our opinion the test, as gleaned from the authorities discussed, is whether or not the improper proceedings complained of, and consisting either of improper questions propounded or improper argument made or both combined, was reasonably calculated to, and probably did, prejudice the minds of the jury against the party complaining; and, if that question be answered in the affirmative, then the judgment should be reversed by reason of such improper proceedings. Furthermore, according to that test, it follows that a failure of the complaining party to object to improper argument made by opposing counsel will not deprive him of the right to complain of it later as reversible error, unless it reasonably appears that the prejudicial effect of the argument could probably have been removed by an instruction from the court to the jury not to consider it.

Under the authorities discussed above, and those discussed in our former opinion, we have reached the conclusion that appellee's motion for rehearing should be overruled; and it is so ordered.

Since the preparation of the foregoing opinion by the majority, Associate Justice BUCK has written his dissenting opinion which is herewith filed, in which he construes the opinion of the Commission of Appeals, which was adopted by the Supreme Court on a former trial of this case, as holding "that the question of whether deceased was guilty of contributory negligence was one for the jury, and that their verdict should not be disturbed."

In reply to that conclusion we will say that we did not overlook the statement in the opinion of the Commission of Appeals in reversing the original judgment of this court, reading:

"We think the jury was warranted in concluding from the evidence that, though the deceased neither looked nor listened, he was not negligent in attempting to cross the track."

But it appears, from a reading of the entire opinion, that that conclusion had reference only to the conclusion reached by this court that the evidence showed conclusively that deceased was guilty of contributory negligence as a matter of law. As pointed out in the second opinion by this court, rendered, since the opinion of the Commission of Appeals referred to above was handed down, the finding by this court, which was reversed by the Commission of Appeals, included the further finding, which was expressly reaffirmed by this court, that the finding by the jury, that deceased was not guilty of contributory negligence in attempting to cross the track without looking or listening for the approach of the train, was so contrary to the preponderance of the evidence as to authorize and require this court to set it aside. Since that finding by this court was a finding of fact, and since it is undoubtedly true that the Supreme Court has no jurisdiction to decide such an issue, we do not believe that either the Commission of Appeals or the Supreme Court intended to reverse that finding of fact by this court, but that the language quoted above should be construed as a determination of the single question whether or not, as a matter of law, there was any evidence to support the finding of the jury referred to above.

BUCK, J. (dissenting.) I did not participate in the decision in this case on original hearing, but I am now convinced that the judgment below should not be reversed, either because the overwhelming weight of the testimony showed contributory negligence on the part of the deceased, or because of claimed improper argument on the part of counsel for plaintiff.

In Emberlin et al. v. Wichita Falls, R. & F. W. Ry. Co. et al., 267 S. W. 463, the Commission of Appeals said:

"From the evidence can it be said that reasonable minds could reach no conclusion other than that deceased was guilty of contributory negligence in failing to look or listen for the approaching train before attempting to

cross the track? There is evidence that if he had looked he could not have seen the engine, and if he had listened, it coasted in so noiselessly that he would not have heard it. We think the jury was warranted in concluding from the evidence that, though the deceased neither looked nor listened, he was not negligent in attempting to cross the track. The evidence would warrant a finding that, had the bell been ringing, or the usual sounds made by the train entering the station, the deceased would have been warned of its approach, and would not have attempted to step on the track. Reasonable minds might differ as to whether, under this evidence, an ordinarily prudent person would have relied upon the usual noise made by a locomotive engine in approaching the station to have called attention to its approach."

This decision in effect holds that the question of whether deceased was guilty of contributory negligence was one for the jury, and that their verdict should not be disturbed upon that issue.

As to the claimed improper argument, the writer does not believe that such argument was reasonably calculated to inflame the minds of the jury so as to cause them to render an improper verdict. In the argument of W. A. Shields, of counsel for plaintiff, first quoted in the majority opinion on original hearing, the writer doubts if the words used by Mr. Shields were of a nature to require a reversal in any event, but especially is this true in view of the court's instructions to not consider the argument and the failure of the defendant to present a written request to the court to instruct the jury not to consider such argument.

In the argument complained of, shown in the original opinion, where the counsel for plaintiff urged the jury not to arrive at their verdict by lot, and not to discuss the case with each other or with any other person outside of the jury room, etc., the writer does not see any impropriety in 'the argument. In the argument he was simply trying to instruct the jury not to do those things which the courts have held constitute reversible error. It is true it is the province of the trial court to instruct the jury with reference to their duty, but the writer does not see any reversible error in counsel attempting to do so in the language here shown especially as the argument complained of was not called to the attention of the court and no objection to the same was made to the argument, and the first time the court's attention was ever called to the fact that such argument had been made was when the amended motions of the defendants for a new trial were presented to the court. Neither can the writer see any harmful effect that might have been produced on the minds of the jury by the evidently jocular remark of counsel for plaintiff that thirteen lawyers were representing the defendants in the case—more lawyers than there were jurors on the trial. The court made its qualification to this bill of exceptions to this remark that the names of thirteen lawyers were signed to the requested instructions, and not that thirteen were actively representing the defendants in the trial. No objection was made to this argument until the amended motions for new trial were presented to the court. There is nothing in either of the arguments showing a purpose on the part of counsel to induce the jury to return a verdict for excessive damages, but the tenor of the argument was that the jury should compensate her for the damages she had sustained. Some liberality should be exercised by the courts in allowing counsel a reasonable freedom in the discussion of the facts in a case. It may be true that in some of the arguments, deductions which might reasonably be drawn therefrom are not consistent with the facts in evidence, but it seems to the writer that some reliance should be allowed on the sound common sense of the juries, and their ability to discard illogical arguments, and to sift out the truth from the evidence, guided by the instructions of the court.

Nor is the writer inclined to the view that any reversible error is shown by the action of W. A. Shields, counsel for plaintiff, offering to introduce certain portions of the testimony of the fireman who was operating the train at the time of the accident which resulted in the death of the deceased. Said testimony had been given by the fireman on the former trial of the case, and the court qualified the bill of exceptions, as shown in the original opinion by the statement that "W. A. Shields in the usual way did offer to introduce certain portions of said evidence, whereupon objection was made by the defendant, and the said W. A. Shields did not further urge the admission of said evidence, and none of the evidence given by the fireman on the former trial was introduced on the trial of this case." Oftentimes on the same trial testimony given on a former trial is introduced from the stenographic report of the case. The record does not disclose upon whose behalf the fireman testified on the former trial, but presumably on behalf of the defendant. He was an employee of the defendant, and vitally connected with the circumstances of the accident. In the bill of exceptions, no indication is shown as to the purport of the testimony given by this witness on the former trial, and no other circumstances shown by which the tender of the testimony could reasonably have had a harmful effect on the minds of the jury. The writer thinks that the trial court, who was present, and knew all of the facts connected with the tender of the testimony, is better able to decide whether such tender constituted reversible error or not than we are.

Owing to the fact that this term is draw-

ing to a close, and we will be very busy attending to other matters during the remaining days of the term, the writer has been very brief in the discussion of the grounds of his dissent. Ordinarily I defer to the conclusions of my learned associates in cases drawn by them and to which they have given special study. I appreciate the exhaustive study which Associate Justice DUNKLIN has given this case, both on original hearing and on motion for rehearing, and I have no fault to find with the opinions cited by him in support of his conclusions. The main difference between us is as to whether the arguments used by counsel for plaintiff below, and the action of said counsel in tendering this testimony, constitute reversible error. He thinks it does, in which Chief Justice CONNER agrees; I do not think so.